Hayne et al. vs. Perry ex rel.

---

JAMES B. HAYNE, et al., plaintiffs in error, vs. JOSEPH M. PERRY, to the use of, &c., defendant in error.

A suit brought in the name of a person to whom a note not negotiable has been passed, may be amended by inserting the name of the payee for the use of such person.

Assumpsit, from Burke county. Decided by Judge HOLT, April Term, 1858.

This was a motion by the plaintiff's counsel, to amend the declaration and process in a cause wherein Thomas H. Blount and Edward H. Blount, partners under the name, firm and style of T. H. & E. H. Blount, endorsees, were plaintiffs, and James B. Hayne, principal, and Robert J. D. Roberts, security, were defendants; being an action of assumpsit, founded upon a note in the following words, to-wit:

$75. Thirty days after date, I promise to pay J. M. Perry, seventy-five dollars, for one land warrant of 40 acres, and one of 120 acres, this 6th day of Nov., 1855.

J. B. HAYNE,

R. J. D. ROBERTS, Security."

and which was endorsed on the back " Jos. M. Perry "

Hayne et al. vs. Perry ex rel.

The counsel in said cause for plaintiffs moved for leave to amend the declaration, it being the appearance Term thereof, by inserting at the beginning the words "Joseph M. Perry, who sues for the use of," and the word "security" after the words Robert J. D. Roberts in the process, and by striking out the words "and your petitioners aver, that on the day and year last aforesaid, the said note was endorsed to them by the said Joseph M. Perry, for a valuable consideration."

The defendants, by their counsel, resisted the motion, contending that the first amendment would be a change of the parties plaintiff, but the Court overruled the objections of the defendants, and sustained the motion to amend, and ordered the said amendments.

To this decision of the Court, plaintiffs in error filed their bill of exceptions, assigning the same for error.

SNEAD, for plaintiff in error.

BERRIEN; JONES & JENKINS, contra.

*By the Court*—McDONALD, J. delivering the opinion.

The motion to amend was made at the appearance Term of the cause. The defendant, therefore, appearing by attorney to resist the motion, had notice of it at the answering Term of the Court, in ample time to file his defence, and to prepare his proofs to sustain it. But if there had been any peculiar circumstance connected with the defence, making it necessary to the defendant to have the full benefit of the seventeen days before Court, the time fixed by law, for his service, to prepare his pleas or his answer, and if that fact had been made to appear satisfactorily to the presiding Judge, the cause would, no doubt, have been continued, so as to have allowed the defendant until the succeeding Term to answer, thus making that the appearance Term of the cause. If a motion to amend be made by either party at the trial Term

VOK. XXV.—26

of a cause, and if the matter in regard to which the amend- ment is asked be something material, and the Court allow it, the opposite party has it it in his power to compel the amending party to continue the cause. In that event, the party opposing the amendment, has more time to prepare his proofs for the trial, than if the pleadings had been originally perfect. He cannot be prejudiced.

But it is argued, that inasmuch as the amendment in this case was to substitute a plaintiff for the one in whose name the suit was brought, it will make a new case, which is not admissible. The same argument may be urged against eve- ry amendment; for a declaration or plea, after amendment, is not identical with it before amendment. In this case the action brought is assumpsit. That is the proper form of ac- tion, and may be sustained on the note sued on, whether the suit be in the name of the payee, or, if it had been negotia- ble, in the name of an indorsee.

The note sued on in the declaration is set out. The names of the makers and of the payee are stated; and the amount of the note, the consideration, and the time when payable, are set forth. The entire beneficial interest in the note sued on must be presumed to be in the parties in whose names the suit was originally brought. The payee, by negotiating it, gave the persons to whom he passed it, impliedly, irrevo- cable authority to sue in his name, if a suit should be ne- cessary to its collection. We think that our statutes of amend- ment are broad enough to allow of this amendment. *Cobb,* 484, 486, 493.

In England, the rule is, that "in all cases of contracts, if it appear upon the face of the pleadings, that there are other ob- ligees, covenantees or parties to the contract, who ought to be, but are not, joined as plaintiffs in the action, it is fatal on de- murrer, or on motion in arrest of judgment, or on error." *1st Chitty's Pleadings,* 14. The good sense of this rule in England has been questioned, and although it is a grave er- ror there to *misjoin* as well as to *nonjoin* a plaintiff, the

Court has allowed, in a hard case, a plaintiff's name to be struck from the declaration, in an action of assumpsit, when the statute of limitations would bar a fresh action. *Ib. note x.* By express enactment there can arise no difficulty from the non-joinder of a party plaintiff. *Cobb,* 493.

The amendment under consideration cannot affect injuriously the rights of the defendant. The contract and the parties to the contract are the same, and he has ample time to remodel his defence, if necessary to meet the case in the name of the payee, who has no longer an interest in the contract, and is only a nominal party. This case is within the purpose, meaning and intent of the statutes authorizing amendments to be made, and the judgment of the Court below must be affirmed.

While pronouncing the judgment of the Court, I will take occasion to say, for myself, that according to my judgment, that such cases as that presented in the record, cannot be brought before this Court under the Constitution and law organizing this Court.

Judgment affirmed.