Burke *vs.* Steel.

TIMOTHY BURKE, plaintiff in error, *vs.* JOHN H. STEEL, defendant in error.

Where A was employed by B, at a salary of $100 00 per month, and A directed B to pay $25 00 per month, of his salary, to C, for the benefit of C's wife and children, as a donation, or gift, from A., and B. failed to pay the money, and C died : *Held*, that A might recover the money from B, by suit, in his own name, and the statement in the declaration that he was suing for the use of C.'s family, is mere *descriptio personæ*, or surplusage.

_Pleading.    Gifts.    Demand, etc.    Before Judge POPE. Fulton Superior Court.    May Term, 1869.

Steel sued Burke, for the use of Margaret Kay and her children, the widow and orphans of William Kay, deceased, for $300 00 and interest, averring that on the 1st of April, 1856, he was employed, for the ensuing year, by Burke, at $1,200 00, and ordered Burke to pay to William Kay, for the benefit of Kay and his wife and her children, $25 00 per month, out of said $1,200 00, that Burke retained the $25 00 per month, but did not pay it as he was ordered, and yet refuses to pay it. Burke pleaded the general issue, that he had discharged the demand by paying $1,950 00 to Joseph C. Grubb & Company on Kay's order, and that in 1856 and 1857 he supplied Kay and his family with provisions worth $1,000 00.

On the trial, STEEL testified to the facts averred in the writ, that he ordered Burke to retain the $25 00 and pay it for the benefit of Kay and his family, telling Burke that he intended said reservation for the support of Kay and his family, and Burke agreed so to pay it, and did retain it monthly out of Steel's wages, and that it was a gift from Steel to Kay and his family.    Mrs. KAY testified that in 1856 the family was supported by Kay's labor, that Burke had not paid her, nor did she believe he paid her husband in his lifetime ; that he died in 1859.    Here plaintiff rested his case.    Defendant's counsel moved for a non-suit, upon the grounds that Kay's administrator should have been the plaintiff, that Steel could not recover, and because no demand for payment was made

Burke *vs.* Steel.

before this suit was brought. The motion was overruled. BURKE testified, saying, his agreement was to pay Kay the $25 00 per month, and said he supported Kay and his family during 1856, at a cost of $1,200 00, or more, explaining how it was done, and another witness testified upon that subject. The jury found for the plaintiff. Defendant's counsel moved for a new trial, upon the grounds that the Court erred in not granting a non-suit, and because the verdict was strongly and decidedly against the weight of the evidence. The new trial was refused, and that is assigned as error.

GARTRELL & JACKSON, for plaintiff in error, said the plaintiff's evidence made Burke trustee for Kay and family: Irwin's Code, section 2290; Hill on Trustees; 60. Kay's administrator should sue: Irwin's Code, secs. 2447, 3387; 3rd Ga. R., 161; 30th, 779; 12th, 280; 30th, 78. Steel cannot sue because he has no legal title: 27th Ga. R., 62. The administrator and the surviving usees could: 2nd Liv., 210; 3rd B. & P. R., 149; Cowper's R., 443; 1st John R., 140; 17th Mass. R., 400, 574. Steel's gift was irrevocable: 3 Barn & Cross, 384; 1st Johnson's Cases, 209; 12 John's R., 278; 17 Mass., 578, 400. A demand was necessary: 8th Ga. R., 180.

L. J. GLENN & SON, for defendant, replied that Steel was the proper plaintiff: 1 Ch. on Pl., 19–20; 1 Min. R., 172. The gift was incomplete at Kay's death and Steel could sue for the wife's and children's use: Ir. Code, sec. 2615; 15th Ga. R., 486; 1st Dev. (N. C.) R., 360; 10th E. C. L. R., 527. The names of usees was surplusage: 3rd How. (U. S.) R., 574, 577. Demand was not necessary: Irwin's Code, secs. 3102, 3190; 6 N. H. R., 537; 10th Mass. R., 230, 14 N. Y. R., 492; 43 Barb. 214; 9 Porter, 362.

McCAY, J.

We see no serious difficulty in the first point made in this record, to-wit, that turning upon the death of Mr. Kay, and the assumed necessity that his estate be represented. Under the evidence, this money was for the use of Kay and his wife

Burke *vs.* Steel.

and children, they took it, or were to take it, as a class, and the death of one passes the right to the survivor. Doubtless, the real use was intended only for the wife and children, Kay being only included as the head and trustee of the others.

The substance of the original transaction was simply this, Steel, *as a gift*, donation, without consideration passing to him from anybody, directed this money to be paid by Burke to the Kays. Burke failed to pay it. It is insisted, that, under such circumstances, the right to sue Burke is in the donees and not in Steel. We think not. It will be noticed that there is no evidence of any promise made by Burke to the Kays, and that no consideration passed from the Kays to any one.

In all the cases referred to by the ingenious and industrious counsel who argued this question, for the plaintiff in error, we do not find one that has not one of these features : either a consideration has passed from the beneficiaries to one of the other parties, or the promissor has made some promise to the beneficiary which *binds* him to pay the money that way.

This case comes within the case of *Howard College vs. Pace*, 15*th Ga. R.*, 486. This was a direction of Steel to Burke to pay Steel's money to a third person. Before Burke does it, or puts himself in such a relation to the third person, as that he cannot draw back, Steel reasserts his own rights. It was a parol gift, without delivery, and revocable at Steel's option. This suit is in Steel's name, the beneficiaries are surplusage in the declaration; at any rate, it is at Steel's option whether they be there or not.

Nor is it necessary that Steel should make a demand, before suit. Burke has broken *his promise*, and is not entitled to any indulgence. When Burke failed to pay, as he undertook with Steel, a right of action arose in Steel, if he choose to exercise it.

As we find no error in law, we do not feel disposed to disturb the judgment of the Court, on the motion for a new trial. The jury have found for the plaintiff, and we do not think the verdict is without evidence to support it.

*Judgment affirmed.*