Buffington *vs.* Blackwell.

WILLIAM J. BUFFINGTON, plaintiff in error, *vs.* JOSIAH S. BLACKWELL, defendant in error.

1. When an action was brought in the name of A on a written acknowledgment to him by B, of the receipt of a sum of money, and B pleaded that the money belonged to C, that A was a mere agent, and that he had defenses against C:

*Held,* that it was not error in the court to permit the plaintiff to amend by declaring that he sued for the use of C.

2. It was not error to refuse a continuance on the ground of surprise, since the amendment, instead of evading the plea, only made it the more legitimate, and was no ground for surprise.

Pleadings. Amendment. Continuance. Before Judge RICE. Hall Superior Court. September Term, 1873.

Blackwell brought complaint against Buffington on the following receipt:

"$400 00. Received of Josiah S. Blackwell four hundred dollars. This November 26th, 1866.

(Signed)                    "W. J. BUFFINGTON."

The defendant pleaded that he gave the receipt sued on to plaintiff as the agent of one Samuel Stephens; that the money receipted for was the property of said Stephens, who was indebted to the defendant in the sum of $2,000 00; that Stephens and defendant, being at Dahlonega, Stephens promised to pay defendant $400 00, but not having the money with him, he wrote a note to his wife, directing her to deliver to plaintiff a thousand dollar bill, and to tell him to go to Gainesville and to get the bill changed, and to pay to defendant said $400 00, which plaintiff did, and for which sum the aforesaid receipt was given.

The case proceeded to trial with the pleadings in this condition. When the plaintiff closed his case, the defendant moved for a non-suit upon the ground that the testimony showed that the plaintiff had no interest in the cause of action sued on. The motion was overruled.

The plaintiff then moved to amend his declaration by suing

for the use of Samuel Stephens. The motion was allowed, and defendant excepted.

The defendant thereupon moved for a continuance upon the ground of surprise at the amendment, by reason of which he was less ready for trial. The motion was overruled and defendant excepted.

The case proceeded and resulted in a verdict for the plaintiff. The defendant moved for a new trial, because the court erred in allowing the aforesaid amendment, and in refusing the motion for a continuance. The motion was overruled and defendant excepted.

J. W. ONEAL; E. M. JOHNSON, by GEORGE S. THOMAS, for plaintiff in error.

J. N. DORSEY, for defendant.

McCAY, Judge.

1. We are not clear that this suit might not legally have gone on in the name of Blackwell. The rule, as laid down by Chitty, 1 volume, 7, 8, is that if the contract be in the name of the agent, he may sue. As a matter of course, the defendant's plea would still be good, if sustained by the evidence, except as against any actual interest there might be in the agent. But the court was right in permitting the amendment. We decided in *Burke vs. Steel*, 40 *Georgia*, 217, that the plaintiff might, at his option, declare whose use he sues for. It is nobody's business, unless the effect of that declaration is to prevent some defense the defendant would otherwise have. In this case, the effect of the amendment is only to put the case exactly where the defendant claims it ought to be. As amended, the defendant's plea is a good defense to the declaration. We can see nothing the defendant can object to. Now his plea is a good plea, since the plaintiff admits that he is suing for the use of Stephens. As we have said, we do not hold there was any amendment necessary, the written paper on which the action is brought being to the agent. But if the plaintiff, of his own motion, proposes to recognize the defendant's plea, and acknowledge himself to be only a nom-

inal ,plaintiff, we see no possible complaint the defendant can make.

2. Nor was it the duty of the court to continue the case. The amendment was no surprise; indeed, it only put into the writ the defendant's plea.   As a matter of course, he came to the trial expecting to support his plea.   Had he done this, he must, under the amended declaration, have had a verdict.

Judgment affirmed.