CROSS *vs.* JOHNSON, for use.

1. If suit be brought on an account which is not transferable by parol, in the name of the original owner for the use of the equitable owners, it is no ground for a non-suit that the latter could not sue in their own names. It is a matter of no consequence to the defendant, who cannot be hurt by the addition of the use clause to the name of the original owner.
2. Where a letter of credit, under which goods were delivered to the bearer and charged to the writer, was lost, it was not necessary to establish a copy in a separate proceeding. The contents could be proved by parol in a suit for the price of the goods.

ʹNon-suit. Parties. Pleading.· Evidence. Contracts. Before Judge JOHNSON. Emanuel Superior Court. April Term, 1880.

Johnson, for the use of Davis & Marks, brought suit on an account against Cross. The evidence for the plaintiff was to the effect that Cross had written a letter of credit under which Johnson let one Felder have the goods for the price of which suit is now brought, charging them to Cross ; that the account had been transferred by parol to Davis & Marks.

Defendant moved for a non-suit, which was refused. The jury found for the plaintiff. Defendant excepted, and assigned as error the refusal to grant the non-suit on the following grounds :

(1.) Because the assignment of the account and letter of credit should have been in writing.

(2.) Because the letter being lost, a copy should have been established before instituting this suit.

(3.) Because the letter was the real foundation of the suit, and should have been incorporated in the declaration.

Error was also assigned on the admission of proof of a parol assignment of the account, and on the admission of parol proof of the contents of the lost letter.

For the other facts, see the decision.

H. D. D. TWIGGS, for plaintiff in error.

CAMP & LIVINGSTON, for defendant.

JACKSON, Chief Justice.

This suit was brought on an open account by J. C. Johnson, for the use of Davis & Marks, against A. S. Cross. Johnson sold the goods to one Felder, and on written authority or letter of credit from Cross, the defendant, charged the account to him. Afterwards he transferred it to Davis & Marks, and the suit is brought in his name for their use. The jury found for the plaintiff, the court having refused to grant a non-suit on motion of defendant, and error is assigned on the admission of certain testimony to the jury and on the refusal to award the non-suit.

1. One ground for the motion to non-suit the plaintiff is, that the account was not transferable, and suit could not be brought by the real owners thereof. The answer is, that the legal title remained in Johnson, who could sue and did sue. It made no difference that he sued for the use of Davis & Marks. Such has been the practice time out of mind, and it is well settled law. 1 Kelly, 236; 25 *Ga.,* 400; 26 *Ib.,* 395.

The defendant had no right to inquire as to the title of plaintiff, not being hurt by the equitable transfer. If he had paid Johnson, or had any equity against him, it could have been set up. 21 *Ga.,* 583. The words "for the use," etc., are merely surplusage or *descriptio personæ.* 40 *Ga.,* 217.

2. The letter of credit was introduced to show that Johnson had the right to charge the account to Cross, which he did do, and gave him credit, and not Felder. It said, substantially, in writing : Let this man have these goods and charge to me, and was an original promise to pay, and not within the statute of frauds. The original letter being lost, it was competent to introduce copy, or go into parol to show this authority; and there was no necessity of establishing a copy by separate proceeding. The copy, or contents, was proven by abundant evidence, including that of a subscribing witness.

Judgment affirmed.