DAVIS & BROTHER vs. BAKER, for use.

| 71  | 33  |
|-----|-----|
| 101 | 383 |
| 71  | 33  |
| 119 | 321 |
| 71  | 33  |
| 120 | 626 |

Upon the acceptance of a bill of exchange, the acceptors become primarily liable to the payee, as makers, and the drawers secondarily liable, as indorsers. On non-payment, he may sue either or both; and that he sues the acceptors, for the use of the drawers, does not vary his right to collect; nor is it necessary that he should indorse the bill before suit.

November 20, 1883.

Contracts. Actions. Debtor and Creditor. Parties. Negotiable Instruments. Before Judge BRANHAM. Floyd Superior Court. March Adjourned Term, 1883.

Suit was brought on a draft by the payee, for the use of the drawers, against the acceptors, and a recovery was had. Defendants moved for a new trial and to set aside the judgment, on the ground, among others, that the drawers were the substantial plaintiffs and a recovery could not be had in this action for their benefit, the only evidence being the draft. The motion was overruled, and defendants excepted.

UNDERWOOD & ROWELL, for plaintiffs in error.

DABNEY & FOUCHE, for defendant.

JACKSON, Chief Justice.

Suit was brought by A. E. Baker, for the use of Steiner & Lobman, against A. Davis & Brother, on the following two bills of exchange:

"On the seventh of March, 1882, pay to the order of A. E. Baker, cashier, two hundred and twenty-four dollars and fifty-two cents, payable at Commercial Bank, Selma, Ala., with exchange, for value re. eived, and charge the same to account of

STEINER & LOBMAN.

*To A. Davis & Bro , Rome, Ga."*

The other was similar, except due on the 7th of April, 1882. Both were dated Pine Apple, July 20th, 1881, and accepted by A. Davis & Bro.

The sole question made is, can A. E. Baker maintain this action?

Why not? He is the payee; for the bills are payable to his order, which is the same thing as payable to himself. The plaintiff in error contends that he must indorse the bills before they can be sued; but it is quite difficult to see how his indorsement can pass the legal title so as to authorize another to sue, when he had no title to sue himself. The defendants as acceptors became primarily liable as makers to pay to him, and the drawers secondarily liable as indorsers to pay him. He can sue both or either. He chooses to sue the acceptors. That he does so for the use of the drawers does not vary his right to collect the papers. The obligation is to pay him, made by the acceptors, and it does not concern them what he does with the money. If the acceptors had any defence against the usees, of course they might set it up, but none is made. Title to sue is the only point; and as the legal title is in the plaintiff, he can sue and recover. 1 Wheaton's Sel. 340, 366, 401, note 1; 5 East., 476; 10 Pick., 122; 25 *Ga.*, 400; 26 *Ib.*, 395; 5 *Ib.*, 239; 62 *Ib.*, 187; 60 *Ib.*, 623; 56 *Ib.*, 88; 52 *Ib.*, 130; 1 *Ib.*, 275, 306; 67 *Ib.*, 661; Code, §2789.

Judgment affirmed.