JOINER, for use, etc., v. SINGLETARY.

1. A writ of error will not be dismissed on the ground that the bill of exceptions does not designate with sufficient certainty the name of the plaintiff in error, when it is recited in the bill of exceptions that on the trial in the court below of a suit by A. against B., A.'s action was, on motion of B., dismissed, and that the plaintiff in error excepted, it being manifest from the recitals in the bill of ex ᵐᵒᵗⁱ· · s who was the plaintiff in error.

| 106 | 257 |
| L112 | 813 |
| 106 | 257 |
| 119 | 321 |
| 106 | 257 |
| 130 | 785 |

2. The fact that a landlord has sued out a distress warrant in his own name for the use of another party, for rent due him, is not a sufficient reason for dismissing the distress warrant.

Argued November 18, — Decided December 17, 1898.

Distress warrant. Before Judge Spence. Pulaski superior court. August term, 1898.

*M. S. Means* and *J. H. Martin*, for plaintiff.
*W. L. & Warren Grice*, for defendant.

SIMMONS, C. J.    Joiner was the landlord, and Singletary the tenant. The rent becoming due, Vaughn sued out a distress warrant as the agent of Joiner, for the use of Vaughn. A counter-affidavit was filed by Singletary, the tenant. Upon the call of the case for trial in the superior court, Singletary moved to dismiss the distress warrant, on the ground that a distress warrant could not be sued out by one person for the use of another. The court sustained the motion and dismissed the warrant upon this ground. Joiner excepted and brought that decision to this court for review.

1. Upon the call of the case here, counsel for the defendant in error, Singletary, moved to dismiss the writ of error, on the ground that the bill of exceptions did not specifically name Joiner as the plaintiff in error. The motion to dismiss was reserved by the court, and the case was argued upon its merits. After a careful consideration of the point made, we have come to the conclusion that the motion to dismiss on the ground stated ought not to prevail. The bill of exceptions recites that "there came on to be heard and tried the case of D. C. Joiner, for the use of W. R. Vaughn, against R. G. Singletary, the same being the levy of a distress warrant and counter-affidavit pending in said superior court on appeal from Pulaski county court." It then recites the motion of Singletary to dismiss the distress warrant on the ground above stated, and that, after hearing argument, "the court sustained said motion and rendered a judgment dismissing said distress warrant; to which judgment of the court the plaintiff in error then and there excepted and now excepts and specifically assigns the same as error." It would have been better practice for the pleader to

have stated unequivocally who was the plaintiff in error; but we think that where he states who the plaintiff in the court below was and who the defendant was, and states that defendant made a motion which prevailed and that the plaintiff in error excepted, that is such a statement of the parties plaintiff and defendant in this court as will authorize us to hold the case and decide it upon its merits. We know from this recital that Joiner was the plaintiff in the court below and that Singletary was the defendant. We also know that Singletary made a motion to dismiss Joiner's case, which was granted, and can easily infer that by the use of the words, "plaintiff in error," the pleader meant Joiner. If the case should be decided against Joiner here upon the merits, we would have no hesitation in entering a judgment against him for the costs in this court, or if it should be decided against Singletary, judgment for the costs would go against him. The judgment upon the merits about to be rendered will be binding both upon Joiner and Singletary. This case differs from that of *Swift* v. *Thomas*, 101 *Ga.* 89. In that case Swift was the only plaintiff in error mentioned in the bill of exceptions, and it appeared therefrom that she was not a party to the caveat in the court below, and this court dismissed the writ of error because there was no party plaintiff mentioned in the bill of exceptions who had a right to except to the judgment of the court below. In this case, the real plaintiff in the court below is named in the bill of exceptions, which recites that he lost his case, and that the plaintiff in error excepts to the judgment of the court dismissing it.

2. We think the court erred in dismissing the distress warrant on the ground that the landlord could not sue out the same for the use of another person. The general rule of law is, that a plaintiff can institute a suit for the use of any person he wishes. In the case of the *Richmond & Danville Railroad Co.* v. *Bedell & Bowers*, 88 *Ga.* 591, this court held, that "a plaintiff having a right of action for breach of a contract may sue for the use of any person he may designate to take the proceeds of the action." It was argued here by counsel for defendant in error, that he could not make the defense, as he did not know who the real plaintiff was. We do not think there is

any merit in this contention. The person who brings the suit for the use of another is the real plaintiff, and any defense which the defendant has against him can be set up. *Foster* v. *McGuire & Dillard*, 96 *Ga.* 447. For these reasons, the court erred in dismissing the distress warrant.

*Judgment reversed. All the Justices concurring.*