# NORCROSS BUTTER AND CHEESE MANUFACTURING COMPANY, for use, etc., *v.* SUMMEROUR.

1. When a contract is entered into between two persons, in which one of them subscribes money for the purpose of building a factory, and the other agrees to construct such factory when a certain amount shall have been subscribed, and it is further agreed that when this is done the subscribers shall have themselves incorporated into a company for the purpose of operating the factory, the liability of the subscribers on their subscriptions is, in the first instance, to the person agreeing to construct the factory, but after the corporation is formed such liability is to the corporation only, and it becomes liable, to the extent of the unpaid subscriptions, to the person who agreed to build the factory.

2. Though an amendment making entirely new parties plaintiff may have been improperly allowed, yet, if allowed without objection from the defendant, the suit can proceed in the name of the new plaintiffs, and if a liability to them is established, a recovery can be had.

3. The mere fact that a plaintiff in his pleadings declares his intention of suing for the use of a third person does not raise any question as to the liability either of the plaintiff or of the defendant to such third person.   The words declaring an intention to use the recovery for the benefit of another are, as to the defendant, harmless surplusage.   He is not concerned in what disposition is to be made of the recovery.

Submitted October 10, — Decided November 8, 1901.

Complaint — appeal.   Before Judge Gober.   Milton superior court.   August 19, 1901.

*H. L. Patterson,* for plaintiff.

*Enoch Faw, B. F. Simpson,* and *T. L. Lewis,* for defendant.

COBB, J.  This was a suit originally brought in a justice's court by the Chicago Building and Manufacturing Company against H. H. Summerour, to recover from the defendant a sum subscribed by him for the purpose of building a butter and cheese factory at Norcross, Georgia.  The case was by consent appealed to the superior court.  Attached to the summons was a copy of a contract entered into by the plaintiff company with the defendant and his associates.  From this contract it appeared that these persons had subscribed a certain sum of money for the purpose of building a butter and cheese factory at the place named, and that they had agreed, when the entire amount necessary for the purpose indicated had been subscribed, to incorporate themselves under the laws of this State.  The defendant filed a plea setting up that the subscribers to the stock had been incorporated, pursuant to the contract, under the name and style of the Norcross Butter and Cheese Manufacturing Company, and that after their incorporation the plaintiff's right of action for unpaid subscriptions must be asserted against the incorporated company.  The plaintiff thereupon offered to amend the original summons by inserting the name of the Norcross Butter and Cheese Manufacturing Company as plaintiff, suing for the use of the Chicago Building and Manufacturing Company.  This amendment was allowed without objection from the defendant, so far as appears from the record.  The defendant then demurred to the summons as amended, upon the grounds that no cause of action was set forth ; that if the plaintiff had any cause of action at all, it was against the Norcross Butter and Cheese Manufacturing Company ; and that, not having established any debt or claim against the Norcross Company, it could not proceed in its name against the defendant to collect any sum that may be due to such company.  The court sustained this demurrer and dismissed the case, and this ruling is assigned as error by the Norcross Butter and Cheese Manufacturing Company.

Under the contract attached to the summons, the defendant was originally liable to the Chicago Building and Manufacturing Company for the amount of his subscription.  As soon, however, as the subscribers were incorporated pursuant to the contract, the liability of the defendant was shifted to the new company, and this corporation became liable to the Chicago Building and Manufacturing Company for the amount of the unpaid subscriptions.  In other

words, after the incorporation of the new company, the liability of the subscribers to the Chicago Company ceased, and the only recourse of this company was upon the corporation which the subscribers had formed. Such was the opinion of this court as to the respective liabilities of the parties to a similar contract in the case of the *Chicago Building Company* v. *Talbotton Creamery Company*, 106 *Ga.* 84, 89. It is entirely probable that if the proper objection had been made by the defendant to the allowance of the amendment to the summons, such amendment should have been rejected. The amendment made a complete change of parties plaintiff, and converted the suit into one in which a different party was seeking to enforce a liability to it, though growing out of the same contract which was sought to be enforced in the first instance. But be this as it may, no objection whatever was made to the allowance of the amendment, and we are called upon to decide simply whether the demurrers to the summons as amended were well taken. We are of opinion that they were not. In framing these demurrers the defendant seems not to have apprehended the radical change which had been made in the cause of action by the amendment. The original plaintiff was entirely eliminated, and the question of the liability of the Norcross Company to it was entirely immaterial. The sole question to be considered was, did the summons as amended state a liability on the part of the defendant to the Norcross Butter and Cheese Manufacturing Company ? Such a liability is shown when the contract attached to the summons is considered in the light of the allegations in the amendment, from which it can be inferred that the subscribers had been incorporated pursuant to the contract, and that the name of this corporation was the Norcross Butter and Cheese Manufacturing Company. The suit, therefore, is to be treated as if originally brought by this latter company; and so treating it, it was not subject to the objections set up in the demurrers. Nor did the circumstance that the suit was proceeding in the name of the Norcross Company for the use of the original plaintiff present any sufficient reason why the suit should have been dismissed. Any plaintiff may, at his option, provided so doing does not prejudice any defense which the defendant may have had, declare his intention to recover for the benefit of any other person. *Buffington* v. *Blackwell*, 52 *Ga.* 129, 130; *Richmond R. Co.* v. *Bedell*, 88 *Ga.* 591; *Terrell* v. *Steven-*

*son*, 97 *Ga.* 572. But irrespective of the right of such third person, after recovery, to enforce such a declaration of intention, it is certainly a matter about which ordinarily a defendant will not be allowed to complain. The liability of the defendant to the person for whose benefit the recovery is sought is not in any way involved in an action of the nature of the one instituted in the present case. It is a matter of no concern to the defendant what becomes of the money which he owes the plaintiff after it is recovered. As to him the words, for use, etc., are generally mere surplusage. *Burke* v. *Steel*, 40 *Ga.* 217; *Cross* v. *Johnson*, 65 *Ga.* 717.

<div align="center">

*Judgment reversed. All the Justices concurring.*