## MERCHANTS AND PLANTERS BANK *v.* HALL *et al.*

ATKINSON, J. 1. If a vendor of land executes to the vendee a bond for title and receives purchase-money notes for deferred payments which he indorses in blank and delivers to a bank as collateral security for his debt to the bank, without any indorsement and delivery or other transfer of the bond for title, the bank by such pledge of the notes will acquire such equitable interest in the security afforded by reservation under the bond for title as will enable it to enforce the security as against the obligee or general creditors of the obligor (*Carter* v. *Johnson,* 156 *Ga.* 207 (4, 5), 119 S. E. 22; *Gholston* v. *Northeastern Banking Co.,* 158 *Ga.* 291, 123 S. E. 111; *Georgia Land & Securities Co.* v. *Citizens Bank,* 164 *Ga.* 852, 855, 139 S. E. 557); but such equitable interest in the security will not prevail when brought in competition with a subsequent deed to the land executed by the obligor, transferring the legal title thereto to a bona fide purchaser for value, without notice of the pledge of the notes. *Gholston* v. *Northeastern Banking Co.,* supra.

2. In a suit by a bank holding such collaterals, against the subsequent grantee of the obligor named in the bond for title, the competition was between the equitable interest in the security afforded by reservation under the bond for title, and the legal title of the grantee named in the subsequent deed made by the obligor. The grantor and the grantee in the deed (mother and son) gave testimony to the effect that the son did not tell the mother about the pledge of the notes to the bank; that the mother knew of the former sale of the land to the obligee in the bond for title, and of the obligee's possession of the land under that bond; and that at the time of the sale to the mother and the execution of the deed to her, the grantor was in possession of the land and of the bond for title. The mother testified that she "did not know anything about any note having been placed at" the bank; that she did not know that the son owed any money to the bank; that the son "did not tell me he just had got the bond back. . . Says 'there is a loan on these notes.' He didn't say anything about the . . bond. . . I don't know whether he ever paid the notes, or who owes the notes. I didn't make any inquiry." *Held,* that the evidence did not demand a finding that the grantee had notice of the pledge of the notes to the bank.

3. The judge did not err, on motion for new trial based solely on the

---

Appeal, and Error, 4 C. J. p. 905, n. 41.
Vendor and Purchaser, 39 Cyc. p. 1810, n. 77; p. 1825, n. 18.

usual general grounds, in refusing to set aside the verdict sustaining the deed to the last purchaser.

*Judgment affirmed. All the Justices concur.*

No. 6100. FEBRUARY 16, 1928.

Equitable petition. Before Judge Roop. Carroll superior court. June 4, 1927.

*Boykin & Boykin,* for plaintiff.

*Smith & Millican,* for defendants.

*Judgment affirmed. All the Justices concur.*