## MERCER *v.* RAYBON.

No. 6724. May 16, 1929.

*J. H. Fletcher* and *R. R. Jones,* for plaintiff.

*H. A. Wilkinson,* for defendant.

HILL, J. The Court of Appeals desires instructions from the Supreme Court upon the following questions, a determination of which is necessary for a decision of this case: "1. Where a note payable to a named person or bearer is secured by a mortgage likewise payable to such person or bearer, does the delivery of the note and mortgage to a third person transfer the lien of the mortgage, independently of any separate assignment in writing of the mortgage? 2. If the foregoing question should be answered in the. affirmative, that is, if it should be held that the title to the mortgage passes by such delivery, does the holder of the mortgage, when seeking to foreclose it, presumptively occupy the position of a bona fide holder for value, or is it incumbent upon him to show that he occupies such a position, and not that of the original taker?"

Under the negotiable-instrument act of 1924 (Ga. L. 1924, pp. 126, 133, 12 Park's Code Supp. 1926, § 4271(1), Michie's Code, § 4294(30)), "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder, completed by delivery."

In *Setze* v. *First National Bank of Pensacola,* 140 *Ga.* 603 (79 S. E. 540), "A mortgage was executed conveying certain realty to secure a promissory note which was payable to S. or order. S. indorsed the note in blank and delivered it to the plaintiff for value. The plaintiff, as holder and transferee of the mortgage note, sought to foreclose it by an equitable petition, and also to obtain a general judgment. A demurrer to the petition was filed upon the ground that it did not appear that the legal title to this mortgage had ever been transferred in writing to the plaintiff by name. *Held,* that the indorsement by the payee of his name on the back of the mortgage note, for value, conveyed such note, together with the mortgage lien, to such holder thereof, and the transferee can foreclose the same in his own name. . . In such a case it is not necessary that the name of the transferee shall be set out in writing." So, there can be no question that a note and mortgage made payable to a certain person or order can be transferred by

the indorsement of the payee, completed by delivery, and can be foreclosed by such indorsee thereof; and under the negotiable-instrument act of 1924, supra, a note can likewise be foreclosed in the hands of the bearer of such note and mortgage. In the *Setze* case, indorsement was necessary to pass the title and to foreclose; but in the present case, under the negotiable-instrument act of 1924, title was passed by delivery of the note and mortgage, and we are of the opinion that the bearer of the note and mortgage can foreclose the mortgage without an additional assignment or indorsement.

It is provided by the Civil Code (1910), § 4276, that the transfer of notes secured by a mortgage or otherwise conveys to the transferee the benefit of the security. And see *Georgia Land Securities Co.* v. *Citizens Bank,* 164 *Ga.* 852, 855 (139 S. E. 557), and cit. Under the Civil Code (1910), § 3372 (Acts 1873, p. 42), it is provided that all liens provided for in this chapter may be assigned in writing and not otherwise, and under such assignment the assignee shall have all the rights of the assignor as regulated in this chapter. And to the same effect see *Fosler* v. *McGuire,* 96 *Ga.* 447 (23 S. E. 398). That section of the code and decision were prior to the act of 1899 as embodied in sections 3346 and 3347 of the Code of 1910, and also the negotiable-instrument act of 1924. The first question propounded by the Court of Appeals is therefore answered in the affirmative.

From what has been said above, the second headnote requires no elaboration. *All the Justices concur.*