18522. MERCER *v.* RAYBON.

JENKINS, P. J. 1. Under the answers by the Supreme Court to the questions certified in this case (168 *Ga.* 500, 148 S. E. 340), the provision of section 3372 of the Civil Code (Ga. L. 1873, p. 47), that all liens provided for in that chapter may be assigned in writing, and not otherwise, was modified by the provisions of the act of 1899 embodied in sections 3346 and 3347 of the Civil Code, and subsequently by the provisions of the negotiable-instruments act of 1924. Consequently, both under the act of 1899 and under the uniform negotiable-instruments act, where a note payable to a named person or bearer is secured by a mortgage likewise payable to such person or bearer, the delivery of the note and mortgage to a third person transfers the lien of the mortgage independently of any separate assignment in writing of the mortgage; and the holder of such a mortgage, when seeking to foreclose it, pre-

sumptively occupies the position of a bona fide holder for value, and it is not incumbent upon him to show that he occupies such a position, and not that of the original taker. *Mercer* v. *Raybon*, 168 *Ga.* 500 (148 S. E. 340).

2. "While a wife can not legally assume a debt of her husband, yet where she has given a negotiable note for his debt, and it has been transferred to a bona fide purchaser for value before due and without notice, it is valid and binds her." *Perkins* v. *Rowland*, 69 *Ga.* 661 (2). In a suit or foreclosure by the holder of such a negotiable instrument, the burden is upon the maker to prove that the holder is not a bona fide holder.

3. While in the instant case there was evidence, admitted without objection, sufficient to indicate without dispute that the obligation secured by the mortgage was a note given by the wife for her husband's debt, and this is true independently of the evidence of the defendant, which was objected to on the ground that it related to a transaction had with a deceased person, still, there being no evidence to indicate that the holder of the note and mortgage was not a bona fide holder for value, who acquired the note and mortgage before maturity and without notice of any defect therein, or even that the original payee of the note had notice, through any of its agents, at the time the same was executed, of such a defect, the court erred in directing a verdict in favor of the defendant. *Judgment reversed. Stephens and Bell, JJ., concur.*

Decided June 17, 1929.

*J. H. Fletcher, R. R. Jones,* for plaintiff.
*H. A. Wilkinson,* for defendant.