24632.   GORMLEY, superintendent of banks, *v.* McMILLAN, administratrix, *et al.*

DECIDED MAY 23, 1935.

R. C. Scott, A. H. Henderson, T. F. Underwood, C. H. Edwards, for plaintiff.

Wheeler & Kenyon, Robert McMillan, for defendants.

GUERRY, J. ■ The motion to dismiss the writ of error because no plaintiff in error is specifically named or definitely disclosed in the bill of exceptions is not well taken. The bill of exceptions recites that a suit on a note for $1577.82, signed by Robert McMillan as executor of the last will and testament of J. W. McMillan, endorsed by W. B. Freeman, R. L. McMillan, Robert McMillan, and J. A. Robinson, was instituted by Gormley, superintendent of banks; that such suit was in default as to all the defendants except the administrators of the estate of R. L. McMillan, deceased, the defendant in error; that objections were made to certain testimony offered and the same sustained, and counsel for defendant in error made a motion for nonsuit as to the estate of R. L. McMillan, and the same was granted, "which said ruling and decision was adverse to and against the contentions of plaintiff, to which ruling of the court the plaintiff then and there excepted and assigns said ruling as error and contrary to law, and now excepts and assigns the same as error and contrary to law. Plaintiff in error comes now  .  .  and presents  .  .  his bill of exceptions  .  .  in order  . .. that the errors complained of therein set out and alleged may be considered and corrected." This bill of exceptions measures up to the rule laid down in *Joiner* v. *Singletary*, 106 *Ga.* 257 (32 S. E. 90). "A writ of error will not be dismissed on the ground that the bill of exceptions does not designate with sufficient certainty the name of the plaintiff in error, when it is recited in the bill of exceptions that on the trial in the court below of a suit by A against B, A's action was, on motion of B, dismissed, and that the plaintiff in error excepted, it being manifest from the recitals in the bill of exceptions who was the plaintiff in error." *Joiner* v. *Singletary*, supra. See also *Crosley* v. *Leslie*, 130 *Ga.* 782 (61 S. E. 851, 14 Ann. Cas. 703) ; *Orr* v. *Webb*, 112 *Ga.* 806 (38 S. E. 98) ; *Rosenheim Shoe Co.* v. *Horne*, 10 *Ga. App.* 582 (73 S. E. 953).

■ This was a suit by Gormley, superintendent of banks, who had in charge the affairs of the White County Bank, on a certain

note in the sum of $1577.82, dated June 1, 1928, signed by Robert McMillan as executor of the estate of J. W. McMillan, deceased, as principal, and W. B. Freeman, J. A. Robinson, R. L. McMillan and Robert McMillan individually, as sureties on said note. It was alleged that R. L. McMillan was dead and Mrs. Belle Mc-Millan and James McMillan were his administrators and service was had on them as such. No defense was filed by any of the de-fendants except the administrators of the estate of R. L. McMillan, deceased. The plea was to the effect that the note sued upon was illegal and void, for the reason that J. W. McMillan was dead at the time of its execution, and there was no authority in law for binding his estate by such alleged contract of suretyship, and that therefore as to R. L. McMillan, the note was void and of no effect. At the trial of the case the plaintiff introduced in evidence the will of J. W. McMillan, deceased, which expressly authorized the exec-utor "to renew any of my obligations," according as he deemed it advantageous. A note for $2500 payable to White County Bank, and dated in 1925 and signed by J. W. McMillan and all the above named sureties was introduced; also a note for $1577.82, dated Sept. 1, 1927, signed by Robert McMillan executor of the estate of J. W. McMillan, and the above-named sureties, and also the note sued on, which was a renewal of the last named note. There was no plea of non est factum. When the note sued on was offered in evidence the court said: "I will permit the note in evidence pro-vided they can show that it is a renewal of this obligation." Robert McMillan was then sworn for the plaintiff and testified that he found the note for $2500, dated June 24, 1925, held by White County Bank, with certain credits thereon, and in 1927 a note for $1577.82 was given in renewal thereof. This note made in 1927 was then renewed in 1928. The court ruled: "He can identify the notes but, so far as going into the contents of any note or paper, I rule that objectionable." Objection was made to the testimony of the executor, on the ground that the transaction was had with a deceased person, and that Robert McMillan was an interested party, he being individually a co-obligor. The introduction of the notes sued on, there being no plea of non est factum, made out a prima facie case. The principal on the note being an executor, with indorsements on the back of the note by the sureties, under the general rule that no executor or administrator has power to con-

tract debts and render the estate liable, it became necessary to show the power of the executor to sign the note and bind the estate. This was shown by the introduction of the will of the deceased, which gave ample power in the above regard. It was also necessary to show that the note sued on was a pre-existing obligation of the deceased. An attempt was made to prove this by the introduction of the $2500 note, signed by deceased; a note executed by the executor for the balance on this note, amounting to $1577.82, and a note for $1577.82, which the executor testified was a renewal of the first $1577.82 note. The executor was a competent witness to show that the note signed in September, 1927, was given in renewal of the note signed by the deceased in 1925. The will gave to the executor authority so to do. This testimony was not incompetent as being a transaction with a deceased surety on the note. The original note renewed by the executor of J. W. McMillan did not necessarily constitute a transaction with the surety. There was no plea that, as a part of the consideration of the renewal, R. L. McMillan was to become a surety on the renewal note, so as to prevent a co-obligor from testifying as to the fact of its being a renewal note, because he might be an interested party. The renewal of the note of the deceased by the executor was independent of any contracts of suretyship on the part of R. L. McMillan. The testimony offered did not relate to any transaction had with the surety, R. L. McMillan. It is an independent fact which came to the knowledge of the witness, without regard to any communication or transaction had with the deceased surety, R. L. McMillan. The fact that J. W. McMillan owed a note of $2500 to the White County Bank and that the witness, as executor of the estate of J. W. Mc-Millan, renewed that note does not relate to any transaction with R. L. McMillan, who after the execution of the renewal note became a surety thereon. *Gomez* v. *Johnson,* 106 *Ga.* 513 (132 S. E. 600); *Trimble* v. *Mims,* 92 *Ga.* 103 (18 S. E. 362). A transaction with a deceased party has been defined in *Chamblee* v. *Pirkle,* 101 *Ga.* 790 (29 S. E. 20): "Some transaction or communication had directly with the deceased, something personal between the surviving and the deceased parties, a transaction or communication of such a character that the deceased, if alive, could deny, rebut, or explain the statement of the other party." See also *Cato* v. *Hunt,* 112 *Ga.* 139 (37 S. E. 183); *Watkins* v. *Stubb,* 23

*Ga. App.* 181 (98 S. E. 94). We think it was error for the court to exclude the testimony of Robert McMillan in respect to the note sued on being a renewal note. With this testimony in evidence it follows that the plaintiff made out his case against the defendants, the administrators of the·estate of R. L. McMillan, deceased, and it was error to grant a nonsuit.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*