HILL, for use, etc. *v.* SHAW.

ATKINSON, Presiding Justice. 1. A person who brings a suit for the use of another is the real plaintiff, and any defense which the defendant has against him can be set up. *Joiner* v. *Singletary*, 106 *Ga.* 257, 260 (32 S. E. 90). For breach of a bond the obligee can sue without naming "any usee," or, so far as the defendants are concerned, he could sue "for the use of any person, or persons, whom he might designate to take the proceeds of the action; provided, in so doing, he did not cut the defendants off from any defense which they would otherwise have. *Burke* v. *Steel*, 40 *Ga.* 217; *Buffington* v. *Blackwell*, 52 *Ga.* 129; *Gilmore* v. *Bangs*, 55 *Ga.* 403; *Cross* v. *Johnson*, 65 *Ga.* 717; *Davis* v. *Baker*, 71 *Ga.* 33; *Richmond & Danville R. Co.* v. *Bedell*, 88 *Ga.* 591 [15 S. E. 676]; *Terrell* v. *Stevenson*, 97 *Ga.* 570 [25 S. E. 352]; *Joiner* v. *Singletary*, 106 *Ga.* 257 [32 S. E. 90]; *Norcross Manufacturing Co.* v. *Summerour*, 114 *Ga.* 156 [39 S. E. 870]." *Fidelity & Deposit Co.* v. *Nisbet*, 119 *Ga.* 316, 321 (46 S. E. 444). See *Ford* v. *Atlantic Compress Co.*, 138 *Ga.* 496 (75 S. E. 609, Ann. Cas. 1913D, 226).

2. "Specific performance of a contract (if within the power of the party) will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for the non-performance." Code, § 37-801.

3. At the time of entering into a written executory contract whereby a vendor agreed to sell and a vendee agreed to purchase described land at a stated cash price, "upon the titles being found to be good, legal and unincumbered," the vendor signed a formal warranty deed purporting to convey the land to the vendee, and placed it in the hands of the vendor's attorney to be delivered to the vendee upon payment of the purchase-price. On the same day a third person not appearing to have any interest to protect, or express contract for reimbursement, advanced the purchase-price to the attorney and "took up" the deed. Shortly thereafter, the title being found "good, legal, and unincumbered," the third person tendered the deed to the vendee and demanded payment of the purchase-price. The vendee, not questioning the tender, refused to accept the deed and pay the price, on the ground of rumors reflecting on the title of the vendor. The vendor, suing for the use of the third person, brought an action against the vendee, alleging the foregoing in substance, and a continuing tender of the deed, and praying only for judgment for the amount of the purchase-price with interest from the date of the contract, and for process. *Held:* (*a*) Taking into consideration the substantial allegations and prayers of the petition, the action as brought was not for the equitable remedy of specific performance of the executory contract, but was a suit at law for the stipulated purchase price of the land.

(*b*) The principle stated in *National Ben Franklin Fire Insurance Co.* v. *McGann*, 170 *Ga.* 573 (153 S. E. 362), "To maintain a suit for the use of another, there must be a legal right of action in the party bringing the suit," has no relevancy to the character of the present action as ruled above. Neither have the rulings in *Ledbetter* v. *Goodroe*, 179 *Ga.* 69 (3) (175 S. E. 250), and *Shropshire* v. *Rainey*, 150 *Ga.* 566, 570

(104 S. E. 414), relating to sufficiency of grounds for the remedy of specific performance, any relevancy to the character of the action that was brought in this case.

(c) The action being of the character indicated, the supreme court is without jurisdiction of the bill of exceptions assigning error on a judgment dismissing the action on general demurrer to the petition. *Jasper School District* v. *Gormley*, 184 *Ga.* 756 (193 S. E. 248). The Court of Appeals has jurisdiction of the writ of error.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 12832. NOVEMBER 17, 1939.

*H. A. Etheridge,* for plaintiff. *W. S. Northcutt,* for defendant.