THE RICHMOND AND DANVILLE RAILROAD COMPANY *v.* BEDELL & BOWERS, for the use of ORR & HUNTER.

1. A plaintiff having a right of action for the breach of a contract, may sue for the use of any person he may designate to take the proceeds of the action. When an agent has a contract on which he can maintain an action in his own name, he may sue for the

| 88 | 591 |
| 94 | 23 |
| 88 | 591 |
| 97 | 572 |
| 88 | 591 |
| 106 | 259 |
| 88 | 591 |
| 111 | 771 |
| 88 | 591 |
| 114 | 158 |
| 88 | 591 |
| 119 | 321 |

use of his principal. *Burke* v. *Steel*, 40 *Ga.* 217; *Buffington* v. *Blackwell*, 52 *Ga.* 129; *Gilmore* v. *Bangs*, 55 *Ga.* 403; *Cross* v. *Johnson*, 65 *Ga.* 717.

2. From every breach of a contract by one of the parties thereto, a right of action results to the other party. Code, ?2946. Hence, a declaration which alleges that the defendant, a common carrier, contracted with the plaintiffs that a consignment of cotton would be carried out of a certain port on a certain day, and that the vessel did not leave until a subsequent day, whereby the plaintiffs were damaged, sets forth a cause of action.

3. An amendment to the declaration which shows that the legal right of action is not in the nominal plaintiffs, but in the persons for whose use they sue, should not be allowed, without a further amendment striking from the declaration the names of the nominal plaintiffs.

4. Where the declaration discloses agency on the part of the plaintiff, he cannot maintain the action without alleging that he was a factor and contracted on his own credit, or that the contract was made in his individual name, or that his agency was coupled with an interest in the agent known to the party contracting with him, unless it appear that the action is founded on a promissory note or other evidence of debt payable to the plaintiff as agent of a corporation or joint stock company, or upon the sale of goods made by the plaintiff as an auctioneer. Code, ?2209.

March 5, 1892.                                    *Judgment reversed.*

Actions.  Parties.  Principal and agent.  Contracts. Carriers.  Before Judge MARTIN.  Muscogee superior court.  May term, 1891.

Action for $2,000 damages, by Bedell & Bowers for the use of Orr & Hunter, against the railroad company, alleging: On September 16, 1889, defendant agreed to transport 1,000 bales of cotton from Columbus, Ga., to Liverpool, England, over its line of railroad and steamer Empire, agreeing by the terms of the contract that the steamer Empire would sail from West Point, Virginia, on the 5th day of October, 1889, at an agreed rate of $1.10 a hundred pounds as the rate of transportation from Columbus to Liverpool.  In accordance with the contract petitioners delivered to defendant the cotton. They sold it to arrive in Liverpool, allowing the usual time consumed in transportation between West Point,

Virginia, and Liverpool in England, and agreeing in said sale that the vessel would sail from West Point, Virginia, on the 5th day of October, 1889. The vessel did not leave West Point, Virginia, with the cotton on that day, but remained with it on board until the 12th day of October, 1889, and arrived in Liverpool seven days later than it should have arrived had it sailed from West Point on the 5th of October. When the cotton arrived in Liverpool the market had declined, and petitioners sustained a loss of $2,000 by reason of defendant's failure to carry out its contract, and had to pay out and refund to Mellor & Fenton of Liverpool, England, the parties to whom they had sold the cotton, the difference in the price of it, caused by the delay of the railroad company in failing to ship it on the steamer Empire on the 5th of October, 1889, as the company had contracted to do.

The defendant moved to dismiss the case, because the declaration set out no cause of action in the plaintiffs, but showed on its face that the cause of action was in Mellor & Fenton, they being the consignees and owners of the cotton and the only parties who could recover for the delay in shipment; and also moved to strike the names of Orr & Hunter as usees, on the ground that the declaration showed no right in them to recover. The court announced that the declaration showed no cause of action in the plaintiffs. The plaintiffs then offered to amend by adding, after the word "England" where it first occurs, the words: "for Bedell & Bowers for the use of Orr & Hunter"; and by alleging that the property herein set forth was the property of Orr & Hunter, and Bedell & Bowers acted as agents of Orr & Hunter in the shipment of the cotton and in making a contract for its shipment with the defendant; and by alleging that after the contract was made by Bedell & Bowers for the use of Orr & Hunter with the defendant,

v 88-38

they sold the cotton to Mellor & Fenton on condition that it should sail from West Point, Virginia, on the 5th of October, 1889, and the legal title to the cotton remained in the plaintiffs until it arrived in Liverpool, when it was rejected by Mellor & Fenton because the steamer Empire did not sail on the 5th of October, 1889, as the defendant had guaranteed to plaintiffs, and plaintiffs had by reason thereof guaranteed to Mellor & Fenton, to the damage of plaintiffs $2,000. The defendant objected to said amendment, on the ground that there was nothing in the declaration to amend by, and that the amendment made a new and distinct cause of action. The court overruled this objection, as well as the motion to dismiss, to which rulings the defendant excepted.

CALHOUN, KING & SPALDING and JOHN PEABODY, for plaintiff in error.

LOUIS F. GARRARD, *contra.*