### RAY et al. v. RAY; et vice versa.

LUMPKIN, J. 1. Where a woman applied for the setting apart of a year's support out of the estate of a decedent, alleging herself to be his widow, and to the return of the appraisers objections (in the record also termed a caveat or protest) were interposed by a named person as executor of the decedent, and by certain named persons individually, and where from a judgment setting apart a year's support two of the persons named as individual caveators entered an appeal to the superior court, the "caveat" could be amended in that court by adding after the word "individually" therein, and immediately following the names of such caveators, the words, "as children and heirs at law of the said William Ray, deceased," so as to set forth and show that they filed the caveat as children and heirs at law of the decedent out of whose estate the year's support was desired to be allowed. Such an amendment was not equivalent to adding new parties to the caveat. Civil Code (1910), § 5681; *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 699 (13 S. E. 809); *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318); *Jones* v. *Cooner*, 137 *Ga.* 681, 684 (74 S. E. 51).

(a) It was error to refuse to allow such an amendment, and to dismiss the caveat, although a motion to dismiss the caveat had previously been made and the presiding judge had intimated an intention to dismiss it, but no order to that effect had been entered, and although it appeared that the probate of the will had been set aside and the will declared void, and that the letters testamentary had been revoked.

(b) The main bill of exceptions raises the question of the correctness of refusing to allow the amendment and dismissing the caveat, excepts both to such ruling and to the final judgment, and is sufficient to withstand the attacks made upon it.

(c) The court having erroneously rejected the amendment and dismissed the caveat, and thereafter directed a verdict in favor of the applicant for a year's support and entered judgment accordingly, a reversal must result.

(d) The third ground of the "protest" or objections was subject to demurrer; but this did not authorize the striking of the objections as a whole.

2. The motion made by counsel for the defendant in error, to dismiss the main bill of exceptions, and also to open the record and award damages, and for other direction, is denied.

3. Upon consideration of the cross-bill of exceptions, no errors are made to appear by the recitals and assignments of error therein contained; and the judgment on such cross-bill is affirmed.

(a) There was no error in overruling the motion to dismiss the appeal from the judgment of the court of ordinary.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

JULY 25, 1914. REHEARING DENIED SEPTEMBER 18, 1914.

Appeal. Before Judge Pendleton. Fulton superior court. April 4, 1913.

*Joseph W. & John D. Humphries,* for plaintiffs in error.

*John G. Walker,* contra.