*P. Q. Bryan, James L. Dowling,* for plaintiff.

*Parker & Gibson,* for defendant.

---

9010.    BURG *v.* MALONE.

The suit being for damages on account of the breach of a contract for the sale of certain property of J. M. Williams to the defendant, which contract was executed by "R. A. Malone, attorney in fact for J. M. Williams," and by the defendant, and the petition being in the name of "R. A. Malone, as attorney in fact for J. M. Williams," and not disclosing any fact that would give Malone a right to bring the action, the court erred in not sustaining the defendant's demurrer.

DECIDED APRIL 10, 1918.

Action on contract; from city court of Albany—Judge Clayton Jones. May 16, 1917.

The petition is by "R. A. Malone, as attorney in fact for J. M. Williams," and alleges, that the "petitioner entered into a contract with . . defendant [S. O. Burg], whereby he sold to him certain lands;" that "petitioner has complied with each and every condition of said contract in full," and the defendant fails and refuses to perform the same; and by reason of the breach of said contract by the defendant, petitioner has been injured and damaged in the sum of $500; for which judgment is prayed. The contract, as appears from a copy attached to the petition, is signed: "R. A. Malone, attorney in fact for J. M. Williams. S. O. Burg." It begins as follows: "We, the undersigned, hereby agree as follows: that whereas R. A. Malone, true and lawful attorney in fact for J. M. Williams, has this day sold to S. O. Burg lots of lands Nos. 160 and 161 in the first district of Dougherty county, Ga., same being the property of the said Williams; and whereas the said S. O. Burg has this day deposited in the Georgia National Bank of Albany, Georgia, the sum of $500 as evidence of his good faith and as part payment of the purchase-price of the above-described lands, now, therefore, it is agreed by the parties hereto that the said bank shall hold the said $500 so deposited under this agreement until the said Malone shall furnish the said Burg with a complete abstract of title to the property hereinbefore described and the title shall have been approved by the attorney at law for the said Burg." It is further agreed that if the title to the property is satisfactory to Burg "the said Malone shall make and deliver" to him a bond for title to the property, and the bank shall immediately turn over to the said Malone the $500 so deposited; and that if the title is not satisfactory to the attorney at law for the said Burg, the $500 deposited shall be turned over by the bank to Burg; that the purchase-price shall be $9,000, to be paid in a manner specified in the contract, and upon the payment of the last purchase-money note "the said Malone shall execute and deliver to the said Burg a good and sufficient warranty deed to the above-described property;" and that in the event Burg shall fail to comply with any part of this agreement the money deposited with the bank therewith shall be declared forfeited and the bank is authorized to turn the same over to the said Malone.

Grounds 1, 2 and 3 of the demurrer, to which the decision refers, are: (1) The petition has no proper party authorized by law to sue on the contract upon which the suit is based; (2) the person who holds a legal interest in and to the contract sued on is not a party to the suit; and (3) the petition sets forth no cause of action against the defendant.

*R. J. Bacon, R. H. Ferrill,* for plaintiff in error, cited: Civil Code (1910), § 5516; *Tiller* v. *Spradley,* 39 *Ga.* 35; *Gill* v. *Tyson,* 61 *Ga.* 161; *Rawlings* v. *Robson,* 70 *Ga.* 595; *R. & D. R. Co.* v. *Bedell,* 88 *Ga.* 591 (4).; *Ellis* v. *Lockett,* 100 *Ga.* 719 (2), 731; 39 Cyc. 1510.

*Thomas H. Milner,* contra, cited: Civil Code (1910), § 3609; *Field* v. *Price,* 50 *Ga.* 136; *Pearson* v. *Horne,* 139 *Ga.* 453; *Spence* v. *Wilson,* 102 *Ga.* 762; *Brown* v. *Atlanta &c. Ry. Co.,* 113 *Ga.* 468; *Petly* v. *Brunswick &c. Ry. Co.,* 109 *Ga.* 666 (3); *Heard* v. *Dooly County,* 101 *Ga.* 620.

BLOODWORTH, J. 1. This was a suit for breach of contract relative to the purchase of real estate. The contract was signed by the prospective purchaser, S. O. Burg, and on the part of the landowner was signed: "R. A. Malone, attorney in fact for J. M. Williams." The petition was brought in the name of "R. A. Malone, as attorney in fact for J. M. Williams." The Civil Code (1910), § 3609, declares that "Generally an agent has no right of action on contracts made for his principal." One of the exceptions (subsection 5) is "in case of agency coupled with an interest in the agent, known to the party contracting with him." However, when the petition discloses agency, the agent can not maintain the action in his own name without alleging "that his agency was coupled with an interest in the agent, known to the party contracting with him." *R. & D. R. Co.* v. *Bedell,* 88 *Ga.* 591 (4), 592 15 S. E. 676). "Where one can not, except under special circumstances, maintain a suit in his own behalf or for the benefit of another, it is incumbent upon him to disclose the facts giving him a right to bring the action." *Stanley* v. *Stanley,* 123 *Ga.* 122, 124 (51 S. E. 287). See also *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44); *Crummey* v. *Bentley,* 114 *Ga.* 746, 749 (3) (40 S. E. 765). The petition in this case contained no such allegation as is required by these rulings. Paragraphs 1, 2, and 3 of the demurrer to the petition were good and should have been sustained.

2. As the foregoing ruling is controlling, the remaining grounds of the demurrer need not be considered.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*