*O. J. Tolnas,* for plaintiff in error.

*J. C. Edwards, T. J. Shackelford,* contra.

---

13860.   DAVIS, agent, etc., *v.* CARROLL.

STEPHENS, J.  1. Since the retention or passage of title to property transferred from one person to another is a matter of contract between the parties, the title to property shipped under an " order notify " bill of lading with draft attached does not pass to the transferee where it is agreed between the parties that the title to the property shall remain in the shipper.

2. It follows, therefore, that where an owner of cotton enters into an agreement with a broker whereby the broker is to store the cotton subject to the direction of the owner, and the broker agrees to immediately advance to the owner a certain sum of money which is less

than the market price of the cotton, and, when the cotton is finally sold at the direction of the owner, to remit to the owner the difference between the sum so advanced and the price received upon the sale, and where in the performance of such an agreement the owner ships the cotton "order-notify" and draws a draft on the broker with the bill of lading attached in an amount equal to the sum agreed upon as the amount to be advanced on the cotton, the payment of the draft by the broker does not operate to divest the title to the cotton out of the owner, and where the cotton is damaged through the negligence of the carrier after the payment of the draft, the title thus being in the owner at the time the property was damaged by the carrier, the owner may maintain a suit against the carrier to recover the amount of such damage.

3. A petition in a shipper's suit against a carrier for alleged damage to goods, resulting from the defendant's negligence while in transit, which alleges that the goods were consigned to a certain party by name, and which fails to allege that the title to the goods was in the plaintiff at the time of the damage, is subject to amendment curing such omission by alleging that the goods were shipped consigned to the plaintiff under an "order-notify" bill of lading to such other named party, and alleging the title in the plaintiff. Such amendment is not subject to the objection that the petition as amended sets up a new cause of action. The cause of action under the petition as amended was not changed, and the allegations added by amendment were merely elaborative of the allegations in the original petition and descriptive of the same wrong therein declared upon. *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318); *Charleston &c. Ry. Co.* v. *Duckworth*, 7 *Ga. App.* 350 (66 S. E. 1018).

4. The charge of the court fairly submitted the issues in the case and was not subject to any of the exceptions taken.

5. The petition as amended set out a cause of action, and the evidence authorized the inference that the property shipped was damaged by the negligence of the defendant, and the verdict found for the plaintiff was authorized. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 15, 1923.

Action for damages; from Gwinnett superior court — Judge Fortson. July 14, 1922.

*N. L. Hutchins, John B. Gamble,* for plaintiff in error.
*I. L. Oakes, Troutman & Freeman,* contra.