## JOHN L. WALKER CO. v. NATIONAL UNDERWRITERS' CO.

(Circuit Court of Appeals, Seventh Circuit. December 8, 1924.)

No. 3450.

**I. Libel and slander** ⟜77—**Under Illinois laws, action for libel of reciprocal insurance association may not be maintained by its attorney in fact in own name.**

Under Act June 20, 1921 (Laws Ill. 1921, p. 492; Smith-Hurd Rev. St. Ill. 1923, c. 73, §§ 443–468), providing for reciprocal or inter insurance exchanges doing business through an attorney in fact, section 14 (section 456) of which provides for service on attorney in fact in actions against such organization, but contains no provision for suits by organization itself, action for libel of such organization could not be maintained by the attorney in fact in its own name.

**2. Associations** ⟜20(2)—**That action by reciprocal insurance association may be cumbersome and embarrassing does not vest its attorney in fact with authority to sue in its own name.**

That action by reciprocal insurance association in names of all subscribers might be cumbersome and embarrassing does not vest its attorney in fact with authority to prosecute such action in its own name.

In Error to the District Court of the United States for the Northern District of the Eastern Division of Illinois.

Action by the John L. Walker Company against the National Underwriters' Company. Judgment on demurrer for defendant, and plaintiff brings error. Affirmed.

Murphy O. Tate, of Chicago, Ill., for plaintiff in error.

Frederick A. Brown, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Electing to stand by its amended declaration, to which the court had sustained a demurrer, judgment was rendered against the plaintiff in the action, John L. Walker Company, which judgment the writ of error attacks.

The declaration charged the defendant, the National Underwriters' Company, with publishing an alleged libelous article concerning plaintiff, a corporation. The charge is that plaintiff carried on business of insurance as "the authorized attorney in fact for the Ft. Dearborn Casualty Underwriters and other insurance carriers, and in the regular course of business had built up a large and comprehensive insurance clientéle, writing multiple line insurance, including automobile, plate glass, and workingmen's compensation coverage upon the 'self-insurers' or reciprocal plan, the rates and premiums considerably below the rates and premiums charged by the so-called conference and stock companies"; that it had acquired a reputation for sound business judgment, and that it had built up a large business in placing such insurance, and had always dealt fairly and honestly with the public, whereby it acquired large gains and a growing profitable business in placing such insurance, particularly the business of placing workingmen's compensation insurance; and that by the publication plaintiff was greatly damaged.

A reading of the entire article complained of, which is quite lengthy, makes it apparent to us that the alleged libel was of and

concerning the organization known as the Ft. Dearborn Casualty Underwriters alone. It is conceded that, if the relation between the plaintiff and the Ft. Dearborn concern was only that of principal and agent, any damage accruing from the alleged libelous article would be recoverable by the Ft. Dearborn organization or its members, and not by its agents; indeed, there is nothing in the declaration to indicate special damage to the plaintiff which did not wholly accrue to those for whom the plaintiff was acting.

But the contention is made that plaintiff's right to maintain this action is given by the laws of Illinois creating such concerns as the Ft. Dearborn Casualty Underwriters and providing for the peculiar relation between it and its attorney in fact. Laws Ill. 1921, p. 492 (Smith-Hurd Rev. St. Ill. 1923, c. 73, §§ 443–468), an act concerning the business of reciprocal or inter insurance, approved June 20, 1921, in force July 1, 1921. The act undertakes to provide for insurance whereby an aggregation of policy holders becomes liable for losses incurred by any of them. Each pays a stipulated sum or rate, certain reserves must be kept on hand, and if amounts paid in are more than sufficient to meet the losses and keep up the reserves the surplus may be refunded, or lower rates may be charged, and if the amounts are not sufficient the policy holders must make up the difference. Business is transacted by and through a duly constituted attorney in fact for the subscribers or policy holders, which attorney may be an individual, partnership, or corporation. The agreement between the attorney and the subscribers must be filed with the state insurance department, and is, with the statute, the basis of the relation between them. Subject to the provisions of any such agreement, the attorney fixes and collects the rates, accepts the risks, issues policies, pays the losses, and, in short, transacts the business.

The body of subscribers is required to take a name whereby it is designated, in the case before us the name being as stated, but the statute does not create it a corporation, calling it an "exchange." There is no limited liability of subscribers as in a stock corporation, and the provision respecting suits is at least peculiar. Section 14 (section 456) provides that action may be brought in the county where the claimant resides against all the subscribers, and that service of process may be had upon the attorney in fact, or upon the director of trade and commerce of the state, and that such service shall be binding upon all subscribers.

It will be observed the attorney is not in any respect a party to the suit, but is only the instrumentality through which service of process is had on all the subscribers, and that whatever judgment is rendered would be, not against the attorney in fact, but against the defendants to the action, the subscribers, who, notwithstanding their place of residence, are by the terms of the act bound by the serving of process upon the attorney in fact or upon the designated state officer. With the failure of the statute to indicate how a claimant may ascertain the names of all the subscribers, and the very possible difficulty of making all of them parties defendant to the action, we are not here concerned. There is no provision whatever for suits by or on behalf of the exchange; but we cannot assume that a cause of action may not arise in its favor, nor that it would fail for lack of statutory indication of the manner in which it shall be brought. It is at least plausible to say that the same practice would prevail as with any voluntary body of persons unto whom an action may accrue. Doubtless all the subscribers might join in bringing it, and we need not consider whether any less cumbersome method is authorized by law, where there is no statutory provision on the subject.

[1, 2] In all this we find nothing to support the contention that a cause of action arising in favor of the exchange is in any way vested in the attorney in fact. The act leaves room for a wide variety of agreements between such body of subscribers and its attorney. If such agreement included a provision whereby the attorney might in its own name and for itself maintain an action arising in favor of the exchange, such agreement would have to be dealt with when asserted; but the declaration does not set up such an agreement between this attorney and the exchange in question, nor indeed any agreement between them, and it will not be presumed that such provision exists. Nothing appearing to the contrary, we must assume that this attorney in fact is, like every other attorney in fact, an agent with those powers only that are stipulated in the undertaking. The fact that the maintenance of an action on the part of such an exchange might be cumbersome and embarrassing does not tend to vest that right in the attorney in fact.

We need not consider the contention for defendant in error that the article complained of is not libelous, as it is our view

that any such right of action would, under the declaration, inure to this unique entity created by the statute, and not to its agent, the attorney in fact.

We conclude that the demurrer to the amended declaration was properly sustained, and the judgment is therefore affirmed.