16424. GEORGIA FARMERS FIRE INSURANCE COMPANY *v.*
TANNER, trustee.

STEPHENS, J. 1. Assuming that the petition in a suit by the insured to recover under a fire-insurance policy fails to allege facts sufficient to show a cause of action, in that it fails to contain any allegation showing that the insured had any insurable interest in the property, such omission may be supplied by amendment. Civil Code (1910), § 5682; *German-American Ins. Co. v. Davidson*, 67 *Ga.* 11; *Ellison v. Georgia R. Co.*, 87 *Ga.* 691 (13 S. E. 809); *City of Columbus v. Anglin*, 120 *Ga.* 785 (48 S. E. 318); *Dunn v. Freeman*, 24 *Ga. App.* 504 (101 S. E. 393); *Davis v. Carroll*, 30 *Ga. App.* 719 (119 S. E. 422). This ruling is not in conflict with *Northwestern National Ins. Co. v. Southern States Phosphate & Fertilizer Co.*, 20 *Ga. App.* 506 (93 S. E. 157).

2. Where a fire-insurance policy covers particularly described property which is referred to as "Bellview Schoolhouse," and names as the insured "M. T. Tanner, Trustee Bellview School," it follows that in a suit by "M. T. Tanner, trustee," to recover for loss under the policy, where the petition, as amended, alleges that at the time of the issuance of the policy and at the time of the fire title to the property insured "was in petitioner and others as trustees for said Bellview School," all of which was known to the insurer at the time, the petition alleges an insurable interest in the plaintiff. *Fenn v. New Orleans Mut. Ins. Co.*, 53 *Ga.* 578.

3. A suit brought by a person in his individual capacity, or as trustee, where it does not appear in whom the beneficial interest rests, is subject to an amendment supplying the names of the beneficiaries and alleging that the plaintiff brings the suit for their benefit. *Ray v. Ray,*

142 *Ga.* 290 (82 S. E. 892); *Richmond & Danville R. Co.* v. *Bedell,* 88 *Ga.* 591 (15 S. E. 676).

4. The petition as amended set out a cause of action, and was not subject to any of the demurrers.

> *Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 15, 1926.

Complaint; from city court of Hall county—Judge Sloan. February 17, 1925.

Application for certiorari was denied by the Supreme Court.

*Johnson & Adderholt,* for plaintiff in error.

*Charlers & Wheeler,* contra.