**BOWEN v. COTE et al. (two cases).**

Nos. 2882, 2883.

Circuit Court of Appeals, First Circuit.

Feb. 16, 1934.

Robert W. Upton, of Concord, N. H. (Laurence I. Duncan, of Concord, N. H., and Dennis E. Sullivan, of Franklin, N. H., on the brief), for appellants.

Raymond U. Smith, of Concord, N. H. (Theo S. Jewett, of Laconia, N. H., on the brief), for appellees.

Before WILSON and MORTON, Circuit Judges, and LETTS, District Judge.

MORTON, Circuit Judge.

These are bills in equity brought to obtain recourse to a certain policy of indemnity insurance issued by the Phœnix Company to Eva Cote covering the operation of an automobile owned by her. The plaintiffs were injured in a collision between their car and the Cote car, which was being driven by the defendant Soucy. They recovered judgments against Soucy, but not against Cote. Soucy is unable to pay the judgments against him. The plaintiffs are endeavoring to enforce against the Phœnix Company for their benefit an alleged liability under the Cote policy, founded on the Soucy judgments. The Phœnix Company denied that the accident was

within the coverage of the policy. The cases were heard by the District Judge, and decrees were entered dismissing both bills. The plaintiffs have appealed.

The facts were fully and carefully found and stated by the District Judge. Miss Cote resided in New Hampshire. She insured herself against liability for injuries caused by the operation of her car, a Reo sedan, with the Phœnix Indemnity Company. The policy was issued to her, upon "declarations" made by her to the company. It insured her against "loss from liability for damages on account of bodily injury including death as a result of accident," etc. It provided that:

"The unqualified term 'assured' wherever used in this policy shall include the assured named in the declarations and any other person legally operating any of the automobiles described in the declarations and any person, firm, or corporation legally responsible for the operation thereof, *provided such operation is with the permission of the named assured,* etc." (Italics supplied.)

■ The policy is a New Hampshire contract and is to be construed according to the law of that state. The defense was that at the time of the accident to the plaintiffs the car was not being operated with the permission of the assured.

From the findings of fact it appears that, on the day before the accident, Soucy and one Bournival went to Miss Cote and sought permission to take her car. She knew that Soucy's driving license had been revoked or suspended, and that he had no right to drive an automobile in New Hampshire. She asked if he had some one to drive the car, and he said Bournival would drive. She thereupon gave Soucy the key to the car; and the two men took the car and accompanied by a Miss Huard, a friend of Bournival, went to Boston, where they spent the evening, and returned to Manchester, N. H., arriving there about 4 o'clock on the following morning. Two or three hours later Bournival left the car and went to work. Soucy, instead of returning the car to the garage where it was kept by Miss Cote, after some conversation with Miss Huard started to drive with her from Manchester to Dixville Notch, N. H., a distance of more than 150 miles. Neither Miss Cote nor Bournival knew that such a trip was to be undertaken. Soucy and Miss Cote both testified, and we infer that the District Judge accepted their statements, that this was the first time he had driven Miss Cote's car on the highway. While on the way to Dixville Notch the accident in question

occurred. As has been said, Miss Cote was not a defendant in the actions brought by the plaintiffs to recover damages; there is no judgment against her.

■■ The District Judge found: "There is no substantial legal evidence that Soucy was operating the assured's car at the time and place of the accident with the consent of the owner, either expressed or implied, and unless the Phœnix Indemnity Company is estopped to deny coverage by reason of having assured the defense of the original action, there must be a decree for the defendant." This decisive finding is criticized by the plaintiffs as being clearly wrong. They contend that Miss Cote gave Soucy permission to operate the car, that this permission was unconditional, and that the talk about Bournival driving was of merely cautionary character. It is true that the permission to use the car was unqualified as to place, time, or destination. It is equally clear that, at the time when the permission was given, there was talk about who would drive, all parties to the transaction understanding that Soucy could not legally do so. The District Judge, who, having heard the participants in the conversation testify, is in a much better position than we are to make an accurate judgment as to the effect of what was said, thought that the stipulation, that somebody other than Soucy should do the driving, was more than cautionary talk and was a condition on the permission to use the car. There was much testimony in support of his view. As both Soucy and Miss Cote told the conversation, it certainly amounted to a permission conditional on Bournival's driving. Bournival, the only other witness on this point, testified that when Soucy asked Miss Cote for the car she replied with the question, "Who is going to drive?" Whereupon Soucy said that Bournival would do so.

The circumstances surrounding the conversation were unusual; a person whose license had been suspended and who had no right to drive was asking to borrow a car. It is natural to believe that the owner of the car would ask assurance on that point. And it is not unreasonable to suppose that the assurance might take the form of a condition on the right of use. While Soucy and Miss Cote appear to have been intimate friends, and the car was apparently kept by her in part at least for his use, and while there was testimony, which she denied, that she made statements to the police and the doctor soon after the accident that the car was being used with her permission, the question how far the sur-

138

rounding circumstances and such contradictory statements, if any, as she in fact made, affected her credibility was, within wide limits, for the trial judge to decide. We are by no means satisfied that his finding was clearly wrong.

The Phœnix Company undertook the defense of the actions brought against Soucy. Before doing so it gave written notice, both to Soucy and to counsel for the plaintiff, that it disclaimed liability for the accident, and that it undertook the defense reserving its rights and without admitting that the accident was covered by its policy. It appears to be the law of New Hampshire that an insurer who under such circumstances undertakes the defense of an action without a denial of liability under its policy is estopped from claiming that the accident was not covered by the policy; and that if the insurer intends to deny liability, it must do so seasonably to both parties. See Sauriolle, Adm'r, v. O'Gorman et al., 86 N. H. 39, 163 A. 717. On this point the District Judge found: "that the notice of disclaimer was seasonably given by the indemnity company in advance of trial. I cannot find that the plaintiff's rights were prejudiced because of lack of notice. The expense of trial before the jury was incurred after notice had been given and after plaintiff's counsel had had ample time to determine Soucy's financial standing and the chances of collecting any judgment that might be obtained against him." This finding also was in our opinion in clear accordance with the evidence presented.

It follows that the judgment was right and must be affirmed.

In each case:

The judgment of the District Court is affirmed.