23455. FRADY *v.* GEORGIA FARMERS FIRE INSURANCE CO.

</div>

STEPHENS, J. 1. Notwithstanding a petition may fail to set out a cause of action and therefore may not be good as against a general demurrer, in that certain allegations as to facts which are essential to the plaintiff's right to recover are omitted from the petition, it is amendable where it shows a plaintiff and a defendant and contains allegations "sufficient to indicate and specify some particular fact or transaction as a cause of action." Civil Code (1910), § 5682. Where the petition in a suit to recover for loss under a fire-insurance policy contains no allegation that the plaintiff had ever been the owner of the property or had ever had any insurable interest therein, yet where it shows a plaintiff and a defendant and contains allegations that a policy of fire-insurance was issued by the defendant to the plaintiff, insuring the latter against loss by fire of a described house, that the house was de-

stroyed by fire, to the plaintiff's loss, and that there is a liability under the policy to the plaintiff by the defendant, in an alleged amount, there is set out in the petition "sufficient to indicate and specify some particular fact or transaction as a cause of action," and the petition is amendable by supplying the omitted allegations. *Georgia Farmers Fire Ins. Co.* v. *Tanner,* 34 *Ga. App.* 809 (131 S. E. 191).

2. A provision in a fire-insurance policy which insures a dwelling house while occupied by the insured as the owner, that should the insured "vacate" the "dwelling and place a tenant in same," without the consent of the insurer, the policy shall be void, contemplates that the policy is voided only where the owner vacates the house and the relationship of landlord and tenant is established between him and a person placed in the house. The policy is not voided by the insured's vacating the house and moving away and taking away a portion of his household goods but leaving an occupant in the house as a mere "caretaker" for the property.

3. The petition, although it may have failed to contain allegations sufficient to set out a cause of action, was nevertheless subject to amendment supplying the omissions. The proposed amendment, which was rejected, contained allegations showing that the plaintiff had an interest in the property insured at the time of the issuance of the policy, and at the time of the fire, by having bought it and having paid part of the purchase-money therefor. The petition, together with the proposed amendment, set out a cause of action. The court erred in rejecting the amendment and sustaining the general demurrer to the petition.

> *Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 21, 1934.

*John H. Davis & Son, J. E. Frankum, Thad L. Bynum,* for plaintiff.

*Hammond Johnson,* for defendant.

