## COLUMBIA CASUALTY CO. v. THOMAS et al.

District Court, N. D. Florida.
Aug. 11, 1937.

252

Rogers & Towers, of Jacksonville, Fla., for plaintiff.

Blake & Taylor, of Quincy, Fla., for defendants.

LONG, District Judge.

The original bill in this cause was filed on the 27th day of May, 1937. It alleged the conditions of the policy and the accident in which some seven young men were killed and some twenty and more injured. It appears from the bill that one L. B. Thomas, an employee of the assured Eric T. Clauson, was driving the truck which was in collision with the bus in which these young men were riding. It is admitted by the bill that if the said Thomas was at the time of the accident operating the truck with the consent of the assured, then, under the policy, the plaintiff, insurer, is legally bound to pay all sums which said Thomas may become liable for to the limit of the policy, as the said Thomas, if driving with the consent of the assured, became an additional assured. On the other hand, if the truck was being operated without the consent of the assured Clauson, then neither the insurer or insured would be liable. And to defend all suits for damages brought against the assured.

The prayer of the bill is for the issuance of a temporary injunction, and that the court will adjudicate that plaintiff insurer and assured Clauson & Clauson, Inc. (alleged in the bill to be the owner of the truck), are not liable or responsible for the act of the driver Thomas.

Upon this bill, plaintiff applied for temporary injunction without notice on the 28th day of May, 1937, which was denied. On June 2, 1937, notice having been given, an application for a temporary injunction was applied for. Before any order was entered upon this application and while the court was considering the matter, an amended bill was filed on the 9th day of June, 1937, which amended bill is in substance the same as the original bill, except it avers a breach of warranty as to ownership; that it had been represented that the assured Clauson was the owner of the truck, when in truth and in fact Clauson, Inc., was the owner of the truck. The amended bill further avers certain coverage contained in the insurance policy denying liability if the truck was being used for purposes other than commercial. Upon this amended bill, the court granted a temporary injunction staying the institution of suits by the several claimants in the state court.

 The cause is now before the court upon the motion to dismiss the amended bill and motions to dissolve the temporary injunction, which motion to dismiss again raises the question of jurisdiction. As stated above, the only questions presented for consideration by the original bill were whether the defendant Thomas was at the time of the accident operating the truck with the consent of the assured Clauson, and whether Clauson, Inc., is liable because of ownership. There can be no question but that this bill is not sufficient in allegation to present a case under the Declaratory Judgment Act (Jud.Code § 274d, 28 U.S. C.A. § 400). Plaintiff's own construction of the policy admits liability if the insured Clauson is liable. The interests of the insurer and insured are identical, and there is no controversy to be determined. Their interests being joint, and one of them a citizen of the state of Florida, there is no diversity of citizenship and the court is without jurisdiction. Being without jurisdiction to entertain the original bill, there was nothing before the court to be amended, and the filing of an amended bill to a bill that could not be entertained for want of jurisdiction would not confer jurisdiction.

 But, if it should be held that the amended bill should be treated as an original bill, then the court is confronted with the fact that the bill is a complete departure, at least in part, from the original bill and presents an entirely new theory upon which plaintiff rests its case.

The authorities seem to be in accord in announcing the rule that plaintiff cannot play fast and loose. As the pleadings are a part of the record, there is such a thing as estoppel by pleading. When an insurer by its own construction of the contract admits liability in one pleading, it should be precluded from asserting later under the same state of facts that it is not liable because of exception to coverage contained in the policy. There is a degree of good faith and fair dealing that is requir-

ed in cases of this character. Claverie v. American Casualty Co., 76 F.(2d) 570 (C.C. A.N.C.); Fairbanks Canning Co. v. London Guaranty & Accident Co., 154 Mo. 327, 133 S.W. 664; General Tire Co. v. Standard Accident Ins. Co., 65 F.(2d) 237 (C.C.A. Minn.); Malley v. American Indemnity Corp., 297 Pa. 216, 146 A. 571, 81 A.L.R. 1322. While the authorities referred to as sustaining the position of the court that the plaintiff is bound by its construction of its own contract refer to either settlement or defense by the insurer of suits at law against insured, the case at bar presents to the mind a somewhat stronger case against the right of the plaintiff to change its position. For having made its investigation and reached its conclusion as to the facts, it took the initiative, and placing its own construction on the contract took the position that it, the insurer, was liable if the insured Clauson was liable, and so alleged in its bill.

■ The reason assigned why the injunction should remain in force is that plaintiff would be forced to an election to defend or refuse to defend suits instituted by these claimants on the tort action, and, further, if required to defend, they would have to expend a large sum of money in the employment of counsel. In the first place, some of the best-reasoned authorities, Bowen v. Cote, 69 F.(2d) 136 (C.C.A.N.H.); Moulton v. Owler (D.C.) 5 F.Supp. 700; Kidd v. Minnesota Atl. Transit Co., 261 Mich. 31, 245 N.W. 561; see collection of cases 81 A.L.R. 1383, all hold that the right of plaintiff against an estoppel will be fully and amply protected by the service of notice upon the plaintiff in the law action in advance of trial, denying liability for any damage that may be recovered against the insured. As to the question of expenditures of money for counsel fees, plaintiff, for a valuable consideration, agreed to perform, and surely this is not· sufficient reason to deny these claimants the right to have their common-law action speedily tried because of the contract entered into between this insurance company and the third person.

The interest of the insurer in this case is the limit of its policy, $20,000. The interests of these claimants, the living and the representative of the dead, if Clauson is liable, would likely be far greater than the interests of the plaintiff, and to deny claimants the right to bring suit until the rights of the plaintiff could be adjudicated might work irreparable injury to them.

■■ If this court has jurisdiction, that jurisdiction is limited to adjudicating the liability of the plaintiff. It cannot determine the rights between these claimants and the owner of the truck or the driver of the truck, as this is a matter between citizens of the same state with a cause of action arising in the state, and a court in determining the propriety of continuing an injunction will look to the equities of all the parties. So, if the claimants without working irreparable injury to other parties may be permitted to pursue their rights against Clauson, there is no ground for the injunction to stand.

■ It is further contended by the plaintiff that this proceeding in equity will avoid a multiplicity of suits. The several actions arising from a single tort the application of this principle of equity is without merit.

■ The court has reached the conclusion that, being without jurisdiction to entertain the original bill, the additional allegations of the amended bill cannot confer jurisdiction if there was nothing before the court to amend; that the plaintiff by its own construction of the contract, as averred in the original bill, has precluded itself from asserting a breach of warranty and the coverage of the policy as a controversy between plaintiff insurer and Clauson, the insured. The other averments of the amended bill present the same alleged controversy as is stated in the original bill: That notice given by plaintiff in the law actions in advance of trial denying liability for any damage that may be recovered against the insured will be fully and amply protected; that the several actions contemplated arising from a single tort, the contention that this proceeding in equity will avoid a multiplicity of suits, is without merit; that the common-law actions of this score and more of citizens of the state against a citizen of the state should be permitted to have their actions speedily tried and determined and not held up because of this contract between the plaintiff and Clauson, to which they are not a party, especially in view of the fact that plaintiff's rights against estoppel will be amply protected by the service of notice.

The motion to dismiss the bill and to dissolve the injunction will be granted.