## FARMERS UNDERWRITERS ASS'N v. WANNER et al.
### No. 1053.

District Court, D. Idaho, E. D.,
Nov. 7, 1938.

Ralph T. Stewart and Harold W. Williams, both of Salt Lake City, Utah, and A. L. Merrill and R. D. Merrill, both of Pocatello, Idaho, for plaintiff.

Ben B. Johnson, of Preston, Idaho, and Walter H. Anderson, Clyde Bowen, and Gus Carr Anderson, all of Pocatello, Idaho, for defendants.

CAVANAH, District Judge.

The defendants Willard Wanner and Laverne Wanner demur and move to dismiss which present the same grounds:

a. That the plaintiff has no interest in the cause of action sued upon, or capacity

to sue as it is not the insurance carrier nor in any way liable upon the policy and that there is a nonjoinder of parties plaintiff in that the Farmers Automobile Inter-insurance Exchange issued the policy and is the real party in interest and is not joined as a party plaintiff.

b. That the complaint does not state facts sufficient to constitute a cause of action, and

c. That the complaint is uncertain and indefinite.

The grounds presented that the plaintiff has no capacity to sue and that there is a non-joinder of parties plaintiff will be considered together as they relate to the question as to whether there is a non-joinder of parties plaintiff.

The suit is one brought under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, in which the plaintiff seeks a decree to the effect that it is not liable to the defendants under the policy of insurance referred to in the complaint and that the policy has been breached and violated by the defendant John G. Wanner, and that he has conspired with the other defendants to defraud the plaintiff and therefore plaintiff is not obligated to further defend the action now on appeal to the Supreme Court of the State from a Judgment of the State District Court, and is not obliged to indemnify defendant John G. Wanner on any judgment which has or may be recovered against him by any of the defendants. The policy was executed and delivered by the plaintiff to the defendant John G. Wanner as the named insured, against loss resulting from the operation, by the insured, of an automobile; that the plaintiff, a non-resident and foreign corporation, in issuing the policy, and in qualifying to engage in the business of writing insurance in the State, did so as attorney-in-fact, and as trustee of certain funds and properties, and that at the time of the accident it had in its possession and under its exclusive management and control, funds with which to pay established losses arising out of the accident, and had set up a reserve for such purposes and is subject to the payment of claims of the policy in the event that the claims of the defendants are established, and is required to and will pay from the funds in its possession as attorney-in-fact and trustee, such amounts found due; that two of the defendants have obtained judgments against defendant John G. Wanner for the sum of $3,071.50 and the remaining defendants are asserting claims on account of the accident.

The principal question urged by the defendant that plaintiff is not the real party in interest and has no capacity to sue, as the Farmers Automobile Interinsurance Exchange issued the policy and therefore there is a non-joinder of parties plaintiff, call for the consideration of equity rule 37, 28 U.S.C.A. following section 723, and rule 17 of the rules of civil procedure, 28 U.S.C.A. following section 723c, and the statute of the State when the pleaded facts are applied. Equity rule 37 provides:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. Persons having a united interest must be joined on the same side as plaintiffs or defendants, but when any one refuses to join, he may for such reason be made a defendant.

"Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

And rule 17 of the rules of civil procedure provides:

"(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States.

"(b) Capacity to Sue or Be Sued. The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States."

Section 5-301, I C A, provides: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by this code."

And Section 5-303, I C A, provides: "An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the persons for whose benefit the action is prosecuted. A person with whom or in whose name a contract is made for the benefit of another is a trustee of an express trust within the meaning of this section."

■ These rules and the provisions of the State Statutes seem to be clear as they require that every action shall be prosecuted in the name of the real party in interest, but when a trustee of an express trust; a party with whom or in whose name a contract has been made for the benefit of another may sue in his own name without joining with him the party for whose benefit the action is brought, and therefore the rules apply as the action is in reality one in equity. Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166.

■ Under these rules the Farmers Underwriters Association is in fact a real party in interest and is properly classified as a "trustee of an express trust" as well as the "party with whom or in whose name a contract has been made for the benefit of another." And under either of these designations is entitled to maintain the suit. They have application to an attorney-in-fact dealing with reciprocal insurance. United States Shipping Board Emergency Fleet Corp. v. Sherman & Ellis, 208 Ala. 83, 93 So. 834.

■ The attorney-in-fact is engaged in that insurance business and it also becomes liable as an insurer. The type of contract of insurance here is termed reciprocal or "interinsurance" and is authorized by the Statute of the State, sections 40-2201 to 40-2206, I C A, inclusive. So when we consider the rules of the Court referred to, the Farmers Automobile Interinsurance Exchange is not an indispensible party but is a proper party, if made so.

■ Under the alleged facts the plaintiff has the right to assert its defense under the policy and under such circumstances it does not waive any of its rights by reason of defending the original suit. United States Fidelity & Guaranty Co. v. Wyer, 10 Cir., 60 F.2d 856; Commercial Casualty Ins. Co. v. Fruin-Colnon Contracting Co., 8 Cir., 32 F.2d 425; Bowen v. Cote, 1 Cir., 69 F.2d 136; Ohio Casualty Co. of Hamilton, Ohio v. Swan, 8 Cir., 89 F.2d 719.

■ Where the insurer informs the insured in defending a suit against the insured that it is under full reservation of its rights under the policy, it does not forfeit its defense under the policy. Moulton v. Owler et al., D.C., 5 F.Supp. 700.

■ It is thought that the facts pleaded in the complaint are sufficient to state a cause of action and is not uncertain or indefinite. Associated Indemnity Corporation v. Manning et al., 9 Cir., 92 F.2d 168; Stephenson v. Equitable Life Assurance Society, 4 Cir., 92 F.2d 406; Western Casualty & Surety Co. v. Beverforden, supra.

It will be observed that the alleged causes of action are based upon both the conduct of John G. Wanner and a violation of the contract of insurance and that "the insurer shall not be liable for the payment of claims against the named insured until entry of final judgment." Final judgment as pleaded in the complaint has not yet been entered as the case is pending upon appeal to the State Supreme Court.

The reasons thus stated require overruling of the demurrer.