**U. S. EPPERSON UNDERWRITING COMPANY as Attorney-in-Fact for Lumbermen's Underwriting Alliance, Plaintiff,**

v.

**W. L. JESSUP, Jr., d/b/a Brooks-Jessup Lumber Company and the First National Bank and Trust Company in Macon, Defendants.**

**Civ. A. No. 1469.**

United States District Court
M. D. Georgia,
Macon Division.

March 4, 1958.

 

Watkins & Eager, Jackson, Miss., Hamilton Napier, Macon, Ga., for plaintiff.

Martin, Snow, Grant & Napier, Jones, Sparks, Benton & Cork, Macon, Ga., for defendants.

BOOTLE, District Judge.

This is an action for a declaratory judgment. The plaintiff, a Missouri corporation, is an attorney-in-fact for a reciprocal insurance exchange, Lumbermen's Underwriting Alliance; defendants are a subscriber to the exchange and his bank who is a loss-payee under the two policies which he holds in the Alliance.

The complaint alleges that the defendants are interested as above indicated in the two policies of insurance; the property covered by the policies has been damaged or destroyed by fire; the policies cover the loss, and the policies were not in effect at the time of the fire because of defendant Jessup's failure to comply with certain policy conditions or in the alternative that the loss and coverage as computed by plaintiff is considerably less than the loss and coverage claimed by the defendants. Plaintiff seeks to have a declaration as to its non-liability, or in the alternative liability in the amount of its computation.

Defendants move to dismiss the complaint on the grounds that the Alliance is an indispensable party to the suit, that plaintiff is not a real party in interest nor has such an interest as to permit it to sue in its own name, that certain additional members of the Alliance are Georgia citizens and that because of these facts the Alliance must bring or join in bringing this suit and such joinder would destroy the requisite diversity.

The motion presents two main questions: one, is the plaintiff the real party in interest? Second, if not, does it qualify under one of the exceptions in Rule 17(a), Federal Rules of Civil Procedure, 28 U.S.C.A.?

**338**

■ Whether the plaintiff is the real party in interest is a question of Federal law interpreting Rule 17(a). However, in determining who is the real party in interest under Federal law we must first ascertain who has the substantive right of action under controlling substantive State law. American Fidelity & Cas. Co. v. All American Bus Lines, 10 Cir., 1950, 179 F.2d 7, 10; Rosenfeld v. Continental Building Operating Company, D.C.W.D.Missouri 1955, 135 F.Supp. 465, 467; Doherty v. Mutual Warehouse Company, 5 Cir., 1957, 245 F.2d 609. This fire loss having occurred in Georgia the plaintiff as vesting in it the substantive right of action under the Georgia law invokes three statutory provisions embodied in Georgia Code Annotated as Title 3–108, Title 4–404, subd. 3 and Title 4–404, subd. 5. These Code Sections are as follows:

"3–108 Parties to actions on contracts.—As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent."

"4–404 When agent has right of action.—Generally an agent shall have no right of action on contracts made for his principal. The following are exceptions:

\* \* \* \* \* \*

"3. In all cases where the contract is made with the agent in his individual name, though his agency be known.

\* \* \* \* \* \*

"5. In cases of agency coupled with an interest in the agent, known to the party contracting with him. In all these cases, payment to the principal before notice of the agent's claim is a good defense."

We shall discuss these Code Sections in the order named.

The phrase "legal interest" is defined as follows:

"Ordinarily, under the provisions of our Code, an action must be brought in the name of the person having the legal right to maintain it; and the legal right is in the person to whom, according to the terms of the written contract, its obligation is due." Foster v. McGuire & Dillard, 1894, 96 Ga. 447, 448, 23 S. E. 398.

The contracts of insurance under question here read in part:

"In Consideration of the Provisions and Stipulations Herein or Printed on the Back Hereof or Added Hereto and of the premium above specified \* \* \* this *Company* for the term of \* \* \* does insure \* \* \*

"The Lumbermen's Underwriting Alliance, herein also sometimes called the 'Subscribers' is composed of individuals, firms, and corporations, who have executed powers of attorney and agreements of a similar tenor (all of which are made a part hereof) which vest in the U. S. Epperson Underwriting Company, of Kansas City, Missouri, herein called the 'Attorney', the power to underwrite and issue policies \* \* \*

"Whenever the word *Company* occurs herein, it means and shall be taken and construed to mean *Lumbermen's Underwriting Alliance.*" (Emphasis supplied.)

The power of attorney which is made a part of the policies by reference reads in pertinent part:

"Now, therefore, the undersigned, as a subscriber at the Lumbermen's Underwriting Alliance, hereby appoints U. S. Epperson Underwriting Company as now or hereafter constituted (hereinafter called attorney) as attorney *for us and in our name,* place and stead (with full

power of substitution) to exchange such contracts of insurance upon the following terms and conditions:

"1. Said attorney is hereby authorized \* \* \* to subscribe said contracts *for us* \* \* \* and to appear for us in any litigation \* \*." (Emphasis supplied.)

From these excerpts it is clear that the obligations of premium payment and indemnification run between the Alliance and the subscriber and if the plaintiff acts between the parties it is in their behalf as agent and not in its own right. Therefore, under the definition of legal interest in the Foster case, supra, the plaintiff may not under the substantive law of Georgia maintain this suit unless some exception to the general rule of the Code Sec. 3–108 may be invoked.

Does the plaintiff here fall in either of the categories of agency (Code Section 4–404, subd. 3 or 4–404, subd. 5) so as to enable it to sue in its own name? From the above quoted portions of the policies it seems clear that execution of the contract by the attorney-in-fact was as agent in the name of the Company (as therein defined) and this view becomes even clearer when it is observed that the policy, just above the subscription of the attorney-in-fact, contains these words: "In Witness Whereof, the said Attorney has executed these presents *for the Subscribers*, but this policy shall not be valid until countersigned." (Emphasis supplied.) (The provision concerning countersigning does not make it clear as to who must countersign but the evidence on the hearing was that the officers of the attorney-in-fact signed the policy.) It is apparent that the contracts here were not made by the attorney-in-fact in its "individual name." Georgia Code Annotated 4–404, subd. 3.

Do we have here an "agency coupled with an interest in the agent" (Georgia Code Annotated 4–404, subd. 5) so as to enable the agent to maintain this suit? The similar phrase "a power coupled with an interest" was dealt with in an early opinion by Mr. Chief Justice Marshall:

" \* \* \* it becomes necessary to inquire what is meant by the expression 'a power coupled with an interest'. Is it an interest in the subject on which the power is to be exercised, or is it an interest in that which is produced by the exercise of the power? We hold it to be clear that the interest which can protect a power after the death of a person who creates it, must be an interest in the thing itself. In other words, the power must be engrafted on an estate in the thing.

"The words themselves would seem to import this meaning. 'A power coupled with an interest' is a power which accompanies, or is connected with, an interest. The power and the interest are united in the same person. But if we are to understand by the word 'interest', an interest in that which is to be produced by the exercise of the power, then they are never united. The power, to produce the interest, must be exercised, and by its exercise, is extinguished. The power ceases when the interest commences, and, therefore, cannot, in accurate law language, be said to be 'coupled' with it." Hunt v. Rousmanier's Administrators, 1823, 8 Wheat. 174, 21 U.S. 174, 203, 5 L.Ed. 589, 597.

The view expressed in Hunt v. Rousmanier's Administrators, supra, prevails in Georgia. Willingham v. Rushing, 1898, 105 Ga. 72, 76, 31 S.E. 130; Wheeler v. Pan-American Petroleum Corporation, 1934, 48 Ga.App. 378, 172 S.E. 826; Coney v. Sanders, 1859, 28 Ga. 511, 512; Lathrop & Co. v. Brown, 1880, 65 Ga. 312, 315; Richmond & D. Railroad Co. v. Bedell, 1891, 88 Ga. 591(4), 15 S.E. 676; Burg v. Malone, 1918, 22 Ga. App. 175, 177, 95 S.E. 739; Pelotte v. Simmons, 1929, 41 Ga.App. 198(4), 152 S.E. 310. See also Clark v. Chase Nat. Bank of City of New York, D.C.S.D.N.Y.

1942, 45 F.Supp. 820, 822; Photometric Products Corporation v. Radtke, D.C.S.D. N.Y.1054, 17 F.R.D. 103, 115. Under this rule the plaintiff has no such interest in the subject matter of this suit as to enable it, alone and absent the insurer, to maintain it. Field v. Price, 1873, 50 Ga. 135, 138, cited by plaintiff and Stevens v. Hunt, 1939, 61 Ga.App. 265, 269, 6 S.E.2d 591, are distinguishable. In the former, Price had contracted in his own name and was a party to the contract and unless he could sue and save the money sued for he was subject to liability to his principal for it. In the latter, a bonding company's agent was permitted to sue in his own name for the collection of premiums where under his arrangement with his company he was individually liable for the premiums.

Applying the substantive law of Georgia as invoked by plaintiff, the plaintiff has no standing to sue as the real party in interest.

 The plaintiff contends that even if it is not the real party in interest nevertheless, under Rule 17(a), there are two exceptions which allow it as attorney-in-fact to sue in its own name. The provisions relied upon are those which allow a "trustee of an express trust" or "a party with whom or in whose name a contract has been made for the benefit of another" to sue in his own name. Whether or not the plaintiff has such representative capacity as to permit it to qualify under these quoted phrases must, under Rule 17(b), "be determined by the law of the state in which the district court is held." Moore's Federal Practice, 2nd Edition, Vol. 3, Sec. 17.22, page 1398.

The difficulty sometimes encountered in distinguishing between an agency and a trust was once expressed as follows:

"In determining this question I have carefully examined the authorities referred to in briefs for both the plaintiff and defendants. A reading of these authorities and others which my own research discloses, instead of clarifying the question has added confusion. There seems to be no well defined rule of construction, no polar star to guide one in the determination of whether a given instrument creates a trust or the relationship of principal and agent. There are recognized rules of construction but their application in different cases does not reveal any consistent policy which the court may unerringly apply in reaching a definite determination. All the texts and authorities which I have examined could be forcefully presented as an argument to sustain this instrument as either an expressed trust or an agency agreement." Anderson v. Abbott, D.C.W.D.Ky.1945, 61 F.Supp. 888, 894.

A number of distinguishing features are collected, however, in Corpus Juris Secundum:

"While it may be difficult to define strictly, at all times, the line of distinction between an agent and a trustee, the essential distinction lies in whether the one who stands in the position of principal or donor parts entirely with the control, possession, and right of disposition of the property involved. For example, where property is irrevocably conveyed to one to manage, sell and reduce it to cash for the benefit of others, the grantor reserving no control, and the party being called a trustee, the relation is a trust, and not an agency; and one who is in complete control and management of property for another, under an instrument which in form and effect is a declaration of trust, is a trustee and not an agent. A simple power of attorney ordinarily creates the relation of principal and agent rather than that of trustee and cestui que trust, notwithstanding there is a certain degree of trust or confidence demanded or expected of an agent. That one person employs

another as an agent, and lends him money or sells property on credit does not make the agent a trustee. As there must be a res to which a trust can attach, one who is merely authorized to deliver a release and money arising from the sale of land is a mere agent for such purpose, and not a trustee.

"The powers and duties of a trustee are radically different from those of an agent. The agent's duty is primarily to his principal for whom he acts and to whom he must account, while a trustee acts for and must account to the cestui que trust, although his authority comes from another. The agent represents and acts for his principal, and his acts are binding on the principal, but a trustee has no principal and cannot render the creator or beneficiary of the trust liable for his contracts.

"An agency may ordinarily be revoked at any time, while a trust is terminated because its purpose has been fulfilled.

"A trustee is not an agent for the grantor or donor, but a transaction which is in fact a trust is not altered by the fact that the trustee was agent for one of the beneficiaries. And when the trustee is an agent, the cestui que trust is the principal. The fact that the trust agreement fails to disclose the name of the beneficiary does not make the beneficiary an agent of the trustee.

"In this, as in the case of other relations that are sometimes difficult to distinguish from agency, the courts will construe the contract so as to give effect to the true intent of the parties. What the parties call the relation is not controlling, and whether the relation is one of agency or of trustee and cestui que trust depends on the terms on which the relation was created." 2 C.J.S. Agency § 2 k.

In the power of attorney now under consideration the attorney is clearly bound to act for the Alliance and not for itself. It is not expressly vested with title to anything save its own commissions and it is nowhere referred to as a trustee. Its power to invest the Alliance's funds is limited to securities approved by an advisory committee selected by the subscribers from among their number. It cannot call upon subscribers for amounts with which to pay excess losses without the consent of said committee, such amounts not to exceed one annual premium. The power of attorney may be terminated by either party on five days notice.

In Georgia while "no formal words are necessary to create a trust estate" (Georgia Code Annotated 108–102) "express trusts are those created and manifested by agreement of the parties" (Georgia Code Annotated 108–104) and "all express trusts shall be created or declared in writing." (Georgia Code Annotated 108–105.) Manifestly, the instruments before the court do not create an express trust.

The remaining question whether or not this contract is such as to come within the Rule 17(a) exception that "a party with whom or in whose name a contract has been made for the benefit of another" may sue in his own name is similar to, if not identical with, the question posed and discussed above under Code Section 4–404, subd. 3, and is similarly answered. The plaintiff relies upon Farmers Underwriters Ass'n v. Wanner, D.C.E.D.Idaho 1938, 30 F.Supp. 358, which held that an attorney-in-fact for an inter-insurance exchange was a person with whom or in whose name a contract was made and that under the Idaho law such a person was a trustee of an express trust. In that case the specific language of the contract is not set forth in the Court's opinion and it is not clear just what was persuasive that the contract was made with or in the name of the attorney-in-fact. In

this case with the power of attorney and the insurance policies before us it seems clear that the contract is made not with or in the name of the attorney-in-fact but by the attorney-in-fact for and in the name of the Alliance. Thus, the plaintiff does not qualify under either provision of Rule 17(a) here discussed.

Plaintiff's reliance upon Georgia's declaratory judgment act (Georgia Code Annotated Chapter 110–11) is misplaced. Even if plaintiff could be regarded as an "interested party" under Georgia Code Section 110–1101, or as a "person interested as or through an executor", etc. under Georgia Code Section 110–1107, it would still be necessary that Alliance in order to be bound would have to be a party. Georgia Code Section 110–1106 says, "No declaration shall prejudice the rights of persons not parties to the proceeding."

The conclusion herein reached finds support in the case of John L. Walker Co. v. National Underwriters' Co., 7 Cir., 1924, 3 F.2d 102, holding that an attorney-in-fact of a reciprocal insurance association could not maintain a suit in its own name for libel of the association.

Accordingly, the motion to dismiss is sustained and the complaint is hereby dismissed.